IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

MATTHEW J. PEASE,   Case No. 7:24-cv-00322-DC-RCG
Plaintiff,

v.

SECURITIES & EXCHANGE
COMMISSION, et al.,

Defendants.

**PLAINTIFF'S MOTION TO VACATE OR AMEND TEXT ORDER (DOC. 17) GRANTING DEFENDANT JOHN BRDA'S MOTION FOR EXTENSION OF TIME**

TO THE HONORABLE COURT:

1. Plaintiff Matthew J. Pease respectfully moves the Court to vacate or amend the Text Order entered on March 25, 2025 (Doc. 17), which granted Defendant John Brda's request for a 90-day extension of time to respond to the Second Amended Complaint.

2. The order refers to Defendant Brda's motion as "unopposed." Respectfully, this is incorrect.

3. Plaintiff expressly stated to counsel for Mr. Brda, and counsel represented in the motion itself, that Plaintiff opposed the full 90-day extension but agreed to a 60-day extension only.

4. Brda's motion (Doc. 16) accurately describes Plaintiff's position as "partially opposed." Plaintiff had intended to file a formal response, consistent with the seven-day window under Local Rule CV-7(D), when the order was issued.

5. Because the motion was partially opposed, and Plaintiff preserved his right to respond within the applicable time limit, the Court's ruling appears to have been made under the mistaken belief that the motion was unopposed.

6. Plaintiff respectfully requests that the Court vacate or amend the order at Doc. 17 to reflect the proper procedural posture, and either: (a) Set aside the current June 16, 2025 deadline pending resolution of Plaintiff's forthcoming opposition, or (b) Modify the order to grant only the agreed-upon 60-day extension, setting the responsive pleading deadline to May 6, 2025.

7. Plaintiff makes this motion promptly and in good faith to preserve the integrity of the record and his procedural rights.

**Plaintiff further includes below his full original response in opposition to Defendant Brda's motion, which was prepared for timely filing prior to entry of the Court's Text Order:**

1. Plaintiff previously consented to a 60-day extension of time for Defendant Brda to respond to the Second Amended Complaint, consistent with the extension granted to all other defendants in this action.

2. Defendant Brda now seeks a 90-day extension, citing efficiency and parallel cases (Willcot, Spears, and Vetrano) as justification.

3. Plaintiff respectfully submits that those cases are unrelated to this matter, involve different plaintiffs, and should not dictate the pace or timeline of this proceeding.

4. A 60-day extension from the date of service—March 6, 2025—already provides Defendant Brda with until May 6, 2025, to file a responsive pleading, which is ample time to prepare a defense.

5. Further delay is inappropriate given the unique circumstances surrounding Defendant Brda, which include ongoing public, regulatory, and behavioral concerns that warrant prompt litigation, not delay.

6. Specifically, Brda's former business partners have issued public threats to sue MMTLP shareholders, raising time-sensitive questions of liability and conflicting interests that should be addressed through litigation without undue postponement.

7. Additionally, Brda is reportedly the subject of a separate, active SEC investigation related to MMTLP trading, distinct from SEC v. Brda. This raises concerns over spoliation of evidence and the evolving nature of factual issues.

8. Moreover, Brda has engaged with and publicly thanked known social media actors who have been actively involved in harassing and threatening other litigants and participants. While Plaintiff does not seek to litigate social media conduct here, such behavior raises serious concerns about ongoing bad faith and misuse of public platforms to intimidate or influence proceedings.

9. Granting a longer extension to Brda than to other defendants would create an unjustified procedural imbalance and encourage strategic delay tactics that undermine the orderly administration of justice.

10. Plaintiff has made every effort to act reasonably and uniformly by granting all five defendants the same extension. This approach promotes fairness and judicial efficiency, and Brda should not be treated differently without compelling cause.

11. Defendant Brda has not shown good cause for a longer delay, and the requested extension appears more tactical than necessary.

12. For the reasons stated, Plaintiff respectfully requests that the Court deny Defendant Brda's motion for a 90-day extension and grant only the agreed-upon 60-day extension, setting Defendant Brda's responsive pleading deadline to May 6, 2025.

Respectfully submitted this 25th day of March, 2025.

/s/ Matthew J. Pease
Matthew J. Pease
1 Cobbler Lane
Amherst, NH 03031
Pro Se Plaintiff