IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| MATTHEW J. PEASE, <br><br> Plaintiff, <br><br> v. <br><br> SECURITIES & EXCHANGE COMMISSION, FINANCIAL INDUSTRY REGULATORY AUTHORITY, DEPOSITORY TRUST & CLEARING CORPORATION, CHARLES SCHWAB & CO., INC., formerly TD AMERITRADE, GTS SECURITIES LLC, EQUINITI TRUST COMPANY, formerly AMERICAN STOCK TRANSFER & TRUST COMPANY, NEXT BRIDGE HYDROCARBONS, INC., JOHN BRDA, GREGORY MCCABE, <br><br> Defendants. | Case No. 7:24-CV322-RCG-DC |

**DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S
<u>REQUEST FOR JUDICIAL NOTICE</u>**

1.  Defendant Financial Industry Regulatory Authority, Inc. ("FINRA") files this Request for Judicial Notice in Support of its Motion to Dismiss (the "Request") and respectfully asks the Court to take judicial notice of, and otherwise consider, the following documents when deciding FINRA's Motion to Dismiss filed concurrently herewith:

    a.  A true and correct copy of the decision in *Hensley v. TD Ameritrade, Inc.*, No. 23-cv-5159, slip op. (W.D. Wash. Oct. 2, 2023), attached hereto as **Exhibit A**;

    b.  Options Clearing Corporation ("OCC") Memo #48884 RE: Torchlight Energy Resources, Inc. – Distribution dated 6/21/2021 (the "OCC Memo"), which is publicly available at https://infomemo.theocc.com/infomemo/search-memo, and attached hereto as **Exhibit B**;

c. Corporate action notice dated 12/6/2022 (the "12/6/2022 Corporate Action Notice"), which is publicly available at https://otce.finra.org/otce/dailyList?viewType=Deletions, and attached hereto as **Exhibit C**;

d. Corporate action notice dated 12/8/2022 (the "12/8/2022 Corporate Action Notice"), which is publicly available at https://otce.finra.org/otce/dailyList?viewType=Deletions, and attached hereto as **Exhibit D**;

e. Notice of trading halt issued by FINRA on 12/9/2022 (the "Notice of Trading Halt"), which is publicly available at https://www.finra.org/sites/default/files/2022-12/UPC-35-2022-MMTLP%28Halt%29_2.pdf, and attached hereto as **Exhibit E**;

f. The Certificate, Amendment or Withdrawal of Designation filed by Meta Materials, Inc. with the Nevada Secretary of State on December 9, 2022 (the "Amendment"), which is publicly available at https://www.sec.gov/Archives/edgar/data/1431959/000119312522305648/d433696dex332.htm, and attached hereto as **Exhibit F**; and

g. The various FINRA rules and other publicly available filings made with the Securities and Exchange Commission ("SEC") referenced in FINRA's Motion to Dismiss filed concurrently herewith.

2. Courts may consider decisions from other federal district courts and other public records when deciding a motion to dismiss. *See Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1995) ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public

record"); *see also Sigler v. Caliber Home Loans, Inc.*, 2017 U.S. Dist. LEXIS 1851, *7-8 (W.D. Tex. Jan. 5, 2017) ("[A] court may . . . consider any documents attached to the complaint and . . . the motion to dismiss that are central to the claim and referenced by the complaint") (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)); *Gray v. Beverly Enterprises-Mississippi., Inc.*, 390 F.3d 400, 407 n.7 (5th Cir. 2004) ("We may take notice of another court's judicial action").

  3. In 1996, the Fifth Circuit adopted the following rule:

> When deciding a motion to dismiss a claim for securities fraud on the pleadings, a court may consider the contents of relevant public disclosure documents which (1) are required to be filed with the SEC, and (2) are actually filed with the SEC. Such documents should be considered only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents.

*Lovelace v. Software Spectrum,* 78 F.3d 1015, 1018 (5th Cir. 1996).

  4. Indeed, courts in this Circuit regularly consider public filings required by law to be made with the SEC. *See, e.g., Linenweber v. SW. Airlines Co.*, 693 F.Supp.3d 661, 674 (N.D. Tex. 2023) (taking judicial notice of SEC filings "for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents").

  5. Likewise, Courts regularly take judicial notice of FINRA's rules. *See, e.g.*, *Banco Safra S.A.-Cayman Islands Branch v. Samarco Mineracao S.A.*, 849 Fed. App'x 289, 294 & n.3 (2d Cir. 2021) ("We take judicial notice of FINRA's rules"); *Cashmore v. FINRA,* No. 18-CV-1198S, 2020 WL 6566302, at *4 (W.D.N.Y. Nov. 9, 2020) ("This Court takes judicial notice of FINRA and formerly the NASD's rules under Federal Rule of Evidence 201").

  6. Here, Plaintiff relies on the Corporate Action Notices attached as Exhibits C and D in his Second Amended Complaint ("SAC"). *See, e.g.*, SAC ¶¶ 5, 32, 43, 86.

7.      In addition, the Notice of Trading Halt, OCC Memo, and the Amendment are all publicly available documents referred to in, and/or central to, the SAC. *See generally* SAC.

8.      Thus, the Court may take judicial notice of each of the documents attached hereto when considering FINRA's Motion to Dismiss.

WHEREFORE, FINRA respectfully requests that the Court take judicial notice of the foregoing documents and FINRA rules referred to in FINRA's Motion to Dismiss when deciding the Motion.

Dated: April 29, 2025

> Respectfully submitted,
>
> /s/ David C. Kent
> David C. Kent
> State Bar No. 11316400
> david.kent@faegredrinker.com
> FAEGRE DRINKER BIDDLE & REATH LLP
> 2323 Ross Ave., Suite 1700
> Dallas, Texas 75201
> (469) 357-2500
> (469) 327-0860 (fax)
>
> *Attorneys for Defendant Financial Industry Regulatory Authority, Inc.*

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served on all *pro se* parties and counsel of record through the CM/ECF system on April 29, 2025.

/s/ David C. Kent