IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| MATTHEW J. PEASE,<br><br>    Plaintiff,<br><br>v.<br><br>SECURITIES & EXCHANGE COMMISSION, FINANCIAL INDUSTRY REGULATORY AUTHORITY, JOHN BRDA, GREGORY MCCABE, NEXT BRIDGE HYDROCARBONS, INC.<br><br>    Defendants. | Case No.:   7:24-CV-00322-DC |

**PLAINTIFF'S OPPOSED MOTION TO ADDRESS DELAY AND MISREPRESENTATION IN CHRISTIANATTAR'S NOTICE OF WITHDRAWAL AS COUNSEL FOR DEFENDANT NEXT BRIDGE HYDROCARBONS**

NOW COMES Plaintiff Matthew J. Pease, appearing pro se, and respectfully files this motion to address the recent notice by counsel for Defendant Next Bridge Hydrocarbons, Inc. ("NBH")—the firm ChristianAttar—that it intends to withdraw from representation in this matter. Plaintiff states the following:

1. On May 1, 2025, Plaintiff filed a formal Notice with this Court pointing out that ChristianAttar had filed a representation conflict disclosure in the Nevada Bankruptcy Court in Case No. 24-50792-hlb (Dkt. 1878), indicating that it would no longer represent NBH in any matter adverse to the interests of the bankruptcy Trustee.

2. Despite that disclosure being filed in Nevada on April 23, 2025, ChristianAttar remained silent in this action until May 1, 2025—after Plaintiff submitted his Notice in this Court—when counsel notified Plaintiff via email that a withdrawal would be filed that same day. No such filing was made on May 1. The motion appeared only at the end of the following day, May 2, 2025.

3. Plaintiff does not oppose the withdrawal itself.

4. Plaintiff does, however, object to the prejudicial delay and procedural gamesmanship. Defendant's counsel filed inflammatory and defamatory material in the Nevada bankruptcy case while simultaneously representing Next Bridge Hydrocarbons in adverse shareholder litigation.

5. Plaintiff further notes that ChristianAttar was fully aware, from the moment of its appearance in this matter, that it served as special counsel to the bankruptcy trustee in the Meta Materials matter. The firm's April 16, 2025 letter to Meta's bankruptcy counsel concedes that ChristianAttar had disclosed its limited scope to McCabe and NBH early on due to the possibility of conflicts.

6. Nevertheless, the firm knowingly proceeded to appear in this case, filed pro hac vice motions, and began participating in the litigation—without disclosing this conflict to the Court or opposing parties until after Plaintiff filed a notice exposing it. This raises serious

concerns about whether counsel's withdrawal was always anticipated but withheld for strategic purposes.

7. This dual role stands in direct tension with Rule 1.06 of the Texas Disciplinary Rules of Professional Conduct. Counsel failed to timely inform this Court and only responded after public exposure forced the issue.

8. Public filings falsely grouped Plaintiff among those allegedly engaged in defamatory conduct against NBH, creating the appearance that NBH—through ChristianAttar—intended to pursue counter-litigation. Plaintiff never received any such preservation letter and made no public statements targeting NBH. This raises the possibility that ChristianAttar's sudden involvement in this litigation was not to defend NBH in good faith, but to enter this case long enough to intimidate pro se litigants—including Plaintiff—with vague legal threats, create a record discrediting them in other forums, and then withdraw before defending the claims on the merits.

9. The timing and manner of withdrawal suggest strategic distancing from pro se litigants while potentially preserving higher-value interests in other venues. This raises serious concerns about the good faith basis of counsel's continued involvement in related matters.

10. Public filings in the Nevada bankruptcy proceeding indicate that ChristianAttar has a financial interest in a potential recovery exceeding $11 million. See In re Meta Materials Inc., Case No. 24-50792-hlb (Bankr. D. Nev.), Dkt. No. 1574, at pp. 1–4 (Order Approving Stipulation Allowing for Advancement/Payment Under an Insurance Policy). This raises concerns as to whether counsel's withdrawal is based on the interests of its client or on self-interested positioning driven by anticipated financial gain.

11. Plaintiff further notes that the 300-page Exhibit 31-1 submitted by ChristianAttar consists almost entirely of pleadings and materials already filed in this case and in related MMTLP matters pending before this Court. This includes Plaintiff's own complaint, complaints from other Western District of Texas cases, and various non-substantive background exhibits. The inclusion of these duplicative materials appears designed not to inform the Court, but to smear pro se litigants and inject narrative into the record under the guise of a procedural motion. Such tactics waste judicial resources and further support the need for scrutiny into the purpose and manner of ChristianAttar's withdrawal.

12. The delay—especially after a direct commitment to file by May 1—has caused confusion, forced Plaintiff to expend effort clarifying the status of representation, and delayed proper substitution of counsel. Counsel's actions wasted judicial and party resources.

13. Plaintiff therefore respectfully requests that the Court:

    a. Direct ChristianAttar to file a sworn declaration explaining its delay in notifying this Court and opposing parties of the conflict described in its Nevada filings;

    b. Confirm whether Defendant Next Bridge Hydrocarbons, Inc. is currently represented by counsel, and clarify whether any delay in substitution will prejudice case management deadlines;

    c. Preserve Plaintiff's right to seek further relief, including sanctions or attorneys' fees (if applicable), based on misconduct, misrepresentation, or bad faith conduct related to the timing and content of ChristianAttar's filings.

WHEREFORE, Plaintiff respectfully requests that this Court take notice of the prejudicial timing and pattern of conduct by Defendant's counsel, and grant the relief described above.

Dated: May 2, 2025

Respectfully submitted,
/s/ Matthew J. Pease

Matthew J. Pease
1 Cobbler Lane
Amherst, NH 03031