IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| MATTHEW J. PEASE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SECURITIES & EXCHANGE COMMISSION, FINANCIAL INDUSTRY REGULATORY AUTHORITY, JOHN BRDA, GREGORY MCCABE, NEXT BRIDGE HYDROCARBONS, INC.<br><br>　　　　Defendants. | Case No.:　7:24-CV-00322-DC |

**PLAINTIFF'S OPPOSED MOTION FOR LIMITED DISCOVERY ON JURISDICTION AND REGULATORY IMMUNITY**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

1. Plaintiff Matthew J. Pease, appearing pro se, respectfully moves for limited, targeted discovery related to Defendant FINRA's Motion to Dismiss (ECF No. 26-1) under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

2. This motion is contingent on the Court's ruling on FINRA's motion, as discovery is premature pre-Rule 26(f) absent court order (Fed. R. Civ. P. 26(d)(1)). Discovery is needed to resolve factual disputes underlying FINRA's jurisdictional and immunity defenses.

1

## I. BACKGROUND

3. FINRA seeks dismissal for lack of jurisdiction and immunity. Plaintiff's Second Amended Complaint (SAC) alleges FINRA's MMTLP trading halt caused Texas harm and was ultra vires and potentially coordinated with market participants to favor short sellers. SAC ¶¶ 50–60, 100–120, 150.

4. The protective order in the Meta Materials Inc. bankruptcy (Case No. 24-50792-hlb, Bankr. D. Nev.) shields broker trade records and potentially FINRA's communications with Texas brokers, impeding Plaintiff's ability to rebut FINRA's jurisdictional and immunity arguments.

## II. LEGAL STANDARD

5. Courts permit limited discovery to resolve jurisdictional and immunity disputes. Fielding v. Hubert Burda Media, Inc., 415 F.3d 419, 429 (5th Cir. 2005); Alpine View Co. v. Atlas Copco AB, 205 F.3d 208, 220 (5th Cir. 2000) (targeted jurisdictional discovery).

6. Immunity claims require factual development when conduct is contested. Weissman v. NASD, 500 F.3d 1293, 1298 (11th Cir. 2007); Cochran v. SEC, 20 F.4th 194, 205 (5th Cir. 2021) (equitable relief for regulatory overreach).

7. Pro se plaintiffs are afforded flexibility. Brewster v. Dretke, 587 F.3d 764, 768 (5th Cir. 2009).

## III. ARGUMENT

### A. Jurisdictional Facts Are Contested

8. FINRA denies Texas contacts, but Plaintiff alleges its regulation of brokers like Schwab and Fidelity, and the Dec. 9, 2022, MMTLP halt, harmed Texas investors. SAC ¶¶ 50–60.

9. Discovery into FINRA's communications with these brokers is needed to establish specific jurisdiction. Moncrief Oil Int'l, Inc. v. OAO Gazprom, 332 F. Supp. 3d 294, 302 (W.D. Tex. 2018).

### B. Immunity Depends on FINRA's Conduct

10. Plaintiff alleges FINRA's Dec. 8/12, 2022, notices and halt were ultra vires and potentially coordinated with market participants, exceeding its regulatory authority. SAC ¶¶ 115, 150, 210.

11. The protective order in the Meta Materials Inc. bankruptcy (Case No. 24-50792-hlb, Bankr. D. Nev.) shields broker trade records and FINRA's communications with Texas brokers, impeding Plaintiff's ability to rebut FINRA's immunity arguments.

12. Discovery is essential to assess FINRA's intent and coordination. Sparta Surgical Corp. v. NASD, 159 F.3d 1209, 1213 (9th Cir. 1998) (discovery warranted where SRO conduct may exceed authority); see also D'Alessio v. NY Stock Exch., 258 F.3d 93, 106 (2d Cir. 2001) (SRO immunity inapplicable for procedurally irregular actions).

### C. Targeted Discovery Minimizes Burden

13. Plaintiff seeks: (1) FINRA-broker communications, (2) internal FINRA halt discussions, (3) Texas brokers with MMTLP exposure, proportional to resolving threshold jurisdictional and immunity issues raised in FINRA's motion to dismiss and directly tied to factual questions not answerable from the pleadings. Fed. R. Civ. P. 26(b)(1).

**IV. CONCLUSION**

14. Plaintiff requests limited discovery to resolve FINRA's defenses, consistent with this Court's discretion in MMTLP cases like Willcot v. FINRA, No. 7:24-CV-317, and pro se leniency. McGrew v. McQueen, 415 F. Supp. 3d 646, 652 (W.D. Tex. 2019).

15. This motion seeks no merits-based discovery and is narrowly directed at factual issues necessary for the Court to fairly assess threshold defenses under Rules 12(b)(2) and 12(b)(6).

Dated: May 14, 2025
Respectfully submitted,
/s/ Matthew J. Pease
Matthew J. Pease
Pro Se Plaintiff
1 Cobbler Lane
Amherst, NH 03031

Certificate of Conference: Plaintiff attempted to confer with FINRA's counsel on May 12, 2025, via email. FINRA's counsel responded, indicating likely opposition to any discovery and requesting specifics. Plaintiff replied, clarifying the discovery sought is narrowly focused on jurisdiction and immunity issues, but no agreement was reached. Plaintiff believes FINRA opposes this motion.

Certificate of Service: I certify that on May 14, 2025, this motion was served on all counsel via ECF.
/s/ Matthew J. Pease