IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN TEXAS

| | |
|---|---|
| MATTHEW J. PEASE,<br><br>                                   Plaintiff,<br><br>  v.<br><br>SECURITIES & EXCHANGE COMMISSION,<br>FINANCIAL INDUSTRY REGULATORY<br>AUTHORITY, JOHN BRDA, GREGORY MCCABE,<br>NEXT BRIDGE HYDROCARBONS, INC.<br><br>                                   Defendants. | Case No.: 7:24-CV-00322-DC-RCG |

**PLAINTIFF'S OPPOSED MOTION FOR A LIMITED STAY OF PROCEEDINGS PENDING RELATED DEVELOPMENTS IN THE META MATERIALS BANKRUPTCY CASE AND TRAUDT V. GENSLER**

### I. INTRODUCTION

1. Plaintiff Matthew J. Pease, proceeding pro se, respectfully requests a limited stay of these proceedings for 60 days, or until such time as related developments in the Meta Materials Inc. bankruptcy case, Case No. 24-50792, in the *United States Bankruptcy Court for the District of Nevada*, and *Traudt v. Gensler* (D. Vt., No. 2:24-CV-00782) become available, whichever is sooner.

2. These developments are likely to produce evidence directly bearing on the issues raised in the Motions to Dismiss filed by Defendant Financial Industry Regulatory Authority,

1

Inc. ("FINRA") (ECF No. 29) and the Securities and Exchange Commission ("SEC") (ECF No. 35), both of which are currently under review by this Court.

3. A short stay promotes judicial efficiency, ensures fairness to the pro se Plaintiff, and avoids a potentially premature ruling that could be undermined by new evidence expected within weeks.

## II. BACKGROUND

4. Plaintiff filed this action alleging that Defendants engaged in misconduct related to the December 2022 trading halt of MMTLP shares, causing significant financial harm to Plaintiff and other investors.

5. Plaintiff's claims include violations of securities laws, antitrust laws, and constitutional doctrines, centered on allegations of naked shorting, market manipulation, and collusion.

6. FINRA moved to dismiss Plaintiff's Second Amended Complaint, arguing, inter alia, that the Court lacks personal jurisdiction over FINRA and that FINRA is immune from suit due to its regulatory functions (ECF No. 29).

7. The Securities and Exchange Commission ("SEC") also moved to dismiss, asserting sovereign immunity for its enforcement decisions (ECF No. 35).

8. Plaintiff opposed FINRA's motion, arguing that jurisdiction exists due to FINRA's regulation of Texas-based brokers and the halt's impact in Texas, and that immunity does not apply if the actions were ultra vires or collusive (ECF No. 36).

9. Plaintiff similarly opposed the SEC's motion, arguing that the SEC's inaction exceeded its discretionary authority (ECF No. 43).

10. The Court is currently reviewing these filings, along with Plaintiff's motion for leave to file a surreply (ECF No. 42).

11. On May 28, 2025, the Trustee in the Meta Materials Inc. bankruptcy case (Case No. 24-50792) was authorized by the U.S. Bankruptcy Court for the District of Nevada to retain Schneider Wallace Cottrell Konecky LLP as special litigation counsel to pursue claims arising from the MMTLP trading halt.

12. The federal bankruptcy court's approval of this retention—particularly the authorization to expend significant estate funds to pursue securities litigation—strongly indicates that the Trustee presented credible evidence of substantial market misconduct to the court. The decision reflects a judicial finding that serious allegations tied to the MMTLP halt warrant formal litigation.

13. Based on this retention and the urgency of the matter, an adversary proceeding is likely imminent and may allege the same core misconduct asserted in this case, including market manipulation and naked shorting.

14. That proceeding may name overlapping parties or rely on the same protected trading data, though specifics will only be confirmed upon filing.

15. Even absent overlapping parties, the data to be disclosed—currently protected—relates directly to the MMTLP halt and could substantiate Plaintiff's claims.

16. In the related case of Traudt v. Gensler, a proposed discovery order is due to be submitted by June 20, 2025, pursuant to Federal Rule of Civil Procedure 26(a). While the Court is not expected to rule immediately, the proposed order seeks SEC trading records directly tied to the MMTLP halt and may support claims similar to those in this case.

17.     These records are likely to support claims of naked shorting or collusion by entities involved in the MMTLP halt.

### III. PURPOSE OF FILING TIMING

18.     Plaintiff brings this motion promptly, on June 2, 2025, prior to the Court's ruling on the pending Motions to Dismiss.

19.     The short stay requested ensures the Court has access to potentially critical evidence before issuing a dispositive ruling.

### IV. LEGAL STANDARD

20.     A district court has inherent authority to stay proceedings in the interests of fairness and judicial economy. *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936).

21.     Such a stay is warranted where parallel proceedings are likely to produce evidence affecting the issues before the Court. *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997); In re Ramu Corp., 903 F.2d 312, 318 (5th Cir. 1990).

### V. ARGUMENT

**A. The Meta Materials Bankruptcy and Traudt v. Gensler Are Likely to Produce Material Evidence**

22.     The Meta bankruptcy and Traudt proceedings involve the same trading halt and are expected to reveal trading data and factual findings directly relevant to Plaintiff's claims.

23.     Schneider Wallace's anticipated adversary proceeding is expected to allege market manipulation and collusion and will likely draw on data Plaintiff has been unable to access due to a protective order.

24. Similarly, the proposed discovery order in Traudt v. Gensler—expected to be filed by June 20, 2025—may lead to disclosure of SEC trading records that could confirm systemic misconduct overlapping with Plaintiff's allegations in this matter. A ruling on that order could follow later in the summer.

25. This evidence is material to jurisdiction, immunity, and the merits of Plaintiff's claims, especially where allegations involve conduct beyond regulatory authority.

26. This evidence may directly refute immunity defenses raised in the Motions to Dismiss. See ECF No. 29 at 12–14; ECF No. 35 at 19–21.

27. Plaintiff previously argued that Defendants' actions were ultra vires and collusive. See ECF No. 36 ¶¶ 14–17; ECF No. 43.

28. See also *D'Alessio v. NYSE*, 258 F.3d 93, 106 (2d Cir. 2001).

**B. A Limited Stay Promotes Judicial Economy and Ensures Fairness**

29. A stay avoids premature resolution of issues that may require reconsideration upon disclosure of key evidence from related proceedings.

30. Schneider Wallace's retention and the upcoming Traudt deadline point to a short wait for potentially dispositive information.

31. As a pro se litigant, Plaintiff lacks access to the protected trading data and resources of the Defendants, yet faces dispositive motions dependent on that very evidence.

32. The protective order should not shield crucial evidence used offensively in another proceeding while Plaintiff is denied access. See *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### C. The Delay Is Short, Defined, and Justified

33. The stay is limited to 60 days or until the Meta adversary proceeding or Traudt discovery results are available, whichever comes first.

34. This timeframe is narrow and corresponds with clearly defined events expected within weeks.

35. The Court will benefit from evaluating all relevant facts before resolving jurisdiction and immunity issues.

### D. Anticipated Opposition Supports Caution

36. Plaintiff anticipates opposition given the stakes and prior discovery resistance. See ECF Nos. 40, 41, 45.

37. The involvement of litigation counsel in the bankruptcy signals the presence of powerful institutional actors and high-stakes issues.

38. A short stay allows the Court to weigh all evidence before ruling.

## VI. CONCLUSION AND PRAYER FOR RELIEF

39. A short stay avoids a potentially premature ruling and supports fairness and judicial efficiency.

40. Plaintiff respectfully requests that the Court:

a. Grant a stay of proceedings for 60 days or until the filing of the adversary proceeding in Meta Materials or issuance of the Traudt discovery order, whichever occurs first;

b. Alternatively, permit Plaintiff to supplement his oppositions within 14 days of any such new evidence becoming available; and

6

      c.      Grant any other relief the Court deems appropriate.

Dated: June 2, 2025

Respectfully submitted,

/s/ Matthew J. Pease
Matthew J. Pease
Pro Se Plaintiff
1 Cobbler Lane
Amherst, NH 03031

Plaintiff conferred with counsel for Defendants via email on May 30, 2025, and followed up on June 1, 2025. On June 2, 2025, counsel for Defendant FINRA confirmed that they oppose this motion. No responses have been received from counsel for other Defendants as of the time of filing.

Certificate of Service: I certify that on June 2, 2025, this motion was served on all counsel of record via CM/ECF.

/s/ Matthew J. Pease