**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| **MATTHEW J. PEASE,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CASE NO. 7:24-cv-00322-DC-RCG** |
| ) | |
| ) | |
| **SECURITIES AND EXCHANGE** ) | |
| **COMMISSION, et al.** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDMENT COMPLAINT**

Defendant Securities and Exchange Commission ("SEC" or "Commission") opposes Plaintiff's Motion for Leave to File a Third Amendment Complaint ("Motion"), ECF 73, because the proposed Third Amended Complaint ("TAC"), ECF 73-1, rehashes the factual allegations and legal claims against the Commission that the parties have already briefed extensively. The very limited new allegations in the TAC are irrelevant to the *legal* issues raised in the Commission's motion to dismiss, ECF 35, and "the Court need not [and should not] grant leave for [Plaintiff] to rearrange the Titanic's deck chairs." *Angel v. Fed. Home Loan Mortg. Corp.*, 2019 WL 11320986, at *2 (D.D.C. May 24, 2019) (denying *pro se* plaintiff leave to file a second amended complaint that "merely spills more ink rehashing" arguments made previously and "amendment is futile"), *aff'd* 815 Fed. Appx. 566, 569-70 (D.C. Cir. April 24, 2020).

## PROCEDURAL POSTURE

There has already been extensive briefing—beyond what is typical—concerning Plaintiff's second amended complaint ("SAC"), which Plaintiff filed on February 26, 2025. ECF 12.

The Commission moved to dismiss the SAC pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6), explaining that the Court lacks subject-matter jurisdiction over Plaintiff's claims because he lacks standing and sovereign immunity bars his claims, and even if the Court had jurisdiction, Plaintiff fails to state a claim upon which relief can be granted. ECF 35. Plaintiff opposed the Commission's motion to dismiss, ECF 43, and the Commission filed a reply, ECF 52.

Plaintiff then filed a motion for leave to file a sur-reply in response to the Commission's reply. ECF 54. The Commission opposed that motion, ECF 60, and Plaintiff filed a reply, ECF 63. The same day Plaintiff filed his reply in support of his motion for a sur-reply, Plaintiff also

filed a "Supplement" in support of the sur-reply motion. ECF 64. The Supplement advises the Court of a whistleblower tip allegedly received by the Commission that allegedly shows "the SEC ignored red flags" and "SEC inaction enabled fraud" by other defendants that led to Plaintiff's alleged $2.5 million loss. ECF 64 ¶¶ 2-3. In its response to Plaintiff's Supplement,[1] the Commission acknowledged that the SAC already alleged (and the Court would take as true for purposes of the pending motion to dismiss) that the Commission was aware that other defendants were violating the federal securities laws and the Commission should have acted sooner in response to the fraud. ECF 68 at 2. The Commission explained, however, that the whistleblower tip which allegedly buttressed the allegations already raised in the SAC was irrelevant to the *legal* issues raised in the Commission's motion to dismiss because, even if the Commission had failed to act in response to fraud, the Commission cannot be held liable. *Id.* (citing *Molchatsky v. U.S.*, 713 F.3d 159, 162 (2d Cir. 2013) (holding the Commission could not be held liable for its alleged failure to stop the Bernard Madoff Ponzi scheme)). Therefore, the parties have already briefed the only allegedly "new" factual allegation referenced in the Motion.[2]

**MOTION AND PROPOSED AMENDMENTS**

Plaintiff's Motion is two pages and asserts in a conclusory manner that the "revised

---

[1] Plaintiff also filed a "Supplement" regarding his motion to stay proceedings, which has also already been fully briefed by the parties. ECF 65. The Commission's response, ECF 68, addresses both of Plaintiff's Supplements in one filing.

[2] The above only discusses briefing relating to the Commission's motion to dismiss. Motions to dismiss the SAC by other defendants have also been fully briefed. *See* ECFs 29, 36, and 40 (as to Defendant Financial Industry Regulatory Authority's ("FINRA's") motion to dismiss); ECFs 58, 67, and 69 (as to Defendants John Brda and Gregory McCabe's motion to dismiss); and ECFs 59, 66, and 70 (as to Next Bridge Hydrocarbons, Inc.'s motion to dismiss). Plaintiff also filed a motion for leave to file a sur-reply in response to FINRA's motion to dismiss, which FINRA opposed. *See* ECFs 42, 45.

complaint [] address[es] alleged deficiencies" identified in the defendants' motions to dismiss. Mot. ¶ 4. Other than the whistleblower tip discussed above, the Motion does not identify any specific, new factual allegations or legal claims raised in the TAC. More importantly, the Motion is silent as to how any new allegations purportedly address the grounds for dismissal identified in defendants' motions to dismiss. Rather, Plaintiff simply declares that the TAC contains "[m]ore specific factual allegations tied to standing and purchase sale/activity," "[e]nhanced scienter allegations," "clarified loss causation," and "[s]trengthened constitutional claims." *Id.*[3]

Because Plaintiff failed to identify for the Court or the parties what new allegations supposedly were contained in the TAC, the Commission compared the allegations in the TAC with the allegations in the SAC and prepared the chart attached as Exhibit 1 ("Chart").[4] The Chart shows that virtually every allegation raised against the Commission in the TAC was already raised in the SAC, and the very limited new material is discussed below. Plaintiff's allegations regarding the whistleblower complaint are not in the SAC,[5] but this factual allegation was already raised by Plaintiff in briefing concerning the Commission's and FINRA's motions to dismiss the SAC, *see* ECFs 64 and 68, as discussed above. Plaintiff also does at least arguably attempt to expand upon his contention that the Commission failed to disclose to the public its

---

[3] Plaintiff also claims the TAC raises "[e]xplicit ultra vires statutory violations," Mot. ¶ 4.d, but the TAC only raises ultra vires claims against FINRA, TAC ¶¶ 120, 165-66 and fn. 1 on p. 65. As for Plaintiff's claim that the TAC provides "[c]onsolidation and refinement for clarity [and] efficiency" to comply with FRCP 8, Mot. ¶ 4.f, the TAC contains 314 paragraphs, runs 73 pages, and regularly repeats allegations in various parts of the brief. Moreover, no defendant moved to dismiss pursuant to FRCP 8 because Plaintiff failed to provide a "short and plain statement" of his claims.
[4] The Commission's analysis focuses on allegations against the Commission.
[5] Plaintiff alleges that the SEC received "a whistleblower tip concerning alleged market manipulation involving MMTLP, including fraudulent short positions and unreconciled float." TAC ¶ 266; *see also id.* ¶ 300 ("The SEC also received a whistleblower tip outlining the fraudulent structure of MMTLP and the underlying manipulation * * * [t]he tip aligned with facts already in its possession, further underscoring its deliberate decision to remain silent.").

3

alleged concerns regarding potential MMTLP fraud when he states that, by failing to do so, "the SEC affirmatively mislead market participants through omission and concealment" in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"). TAC ¶ 267. But this factual allegation was raised (even if more obliquely) in the SAC,[6] and Plaintiff's legal conclusion masquerading as a factual allegation is of no moment. Plaintiff's assertion that the Commission violated Section 10(b) of the Exchange Act is frivolous, as discussed below.

Finally, although the Motion does not indicate that Plaintiff is adding a legal claim in the TAC (and the 17 enumerated Counts in the SAC and TAC are substantively the same), it appears that the TAC raises for the first time a claim that the Private Securities Litigation Reform Act of 1995 ("PSLRA") as applied to this case violates due process. TAC ¶¶ 302-05.

## LEGAL STANDARD

Courts consider five factors to determine whether to grant a party leave to amend: 1) undue delay; 2) bad faith or dilatory motive; 3) repeated failure to cure deficiencies by previous amendments; 4) undue prejudice to the opposing party; and 5) futility of the amendment. *See, e.g., Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). Futility alone can be sufficient to deny the motion. *See, e.g., Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile."); *Rose v. Grappler Pressure Pumping, LLC*, 721 F. Supp. 3d 510, 520 (W.D. Tex. 2024) (denying motion because "Plaintiff's leave to amend would be futile") (Counts, J.).[7]

---

[6] In paragraph 61 of the SAC, Plaintiff alleges that the Commission had "early awareness of trading irregularities and systematic failures that were not disclosed to investors."

[7] *See also, e.g., DOH Oil Co. v. QEP Resources, Inc.*, No. 18-CV-00152-DC, 2020 WL 7635921, at *4 (W.D. Tex. Sept. 11, 2020) ("Because the Court may deny a motion for leave to amend on the basis that the amendment would be futile, it need not consider the undue delay argument raised by DOH.") (Counts, J.); *Butler v. Hinkle*, No. 19-CV-00252-DC, 2020 WL 9815860, *7 (W.D. Tex. Aug. 25, 2020) ("the Court finds granting Plaintiff's Motion for Leave

Although pro se plaintiffs are afforded some latitude, courts routinely deny them leave to amend when amendment would be futile. *See, e.g., Bruning v. Attmore*, No. 19-CV00060-DC, 2020 WL 10227666, at *4 (W.D. Tex. Feb. 2, 2020) ("The Fifth Circuit recognizes that amendment rules are liberal, however, they do not require that courts indulge in futile gestures"; rejecting *pro se* plaintiff's motion for leave to amend) (citation omitted) (Counts, J.); *Mapes v. Texas*, No. 18-CV-0170-DC, 2018 WL 9786073, at *6, n.6 (W.D. Tex. Oct. 1, 2018) (dismissing *pro se* plaintiff's motion for leave to amend because of futility and collecting cases) (Counts, J.); *Daniels v. Saucedo*, No. 21-CV-101-DC, 2021 WL 6495244, at *4 (W.D. Tex. Nov. 17, 2021) (granting motion to dismiss without giving *pro se* plaintiff leave to amend because "any potential amendment would be futile") (Counts, J.).

In particular, courts deny leave to amend when a plaintiff would be unable to overcome an immunity defense. *See, e.g., Edmiston v. Louisiana Small Bus. Dev. Cntr.*, 931 F.3d 403, 408 (5th Cir. 2019) (affirming denial of *pro se* plaintiff's motion for leave to amend because sovereign immunity barred the claim); *Patterson v. Office of Atty. Gen. Child Support Div.*, No. 23:CV-209-DC-RCG, 2024 WL 3448489, at *4 (W.D. Tex. June 25, 2024) (denying *pro se* plaintiff leave to amend because "no further amendment can overcome the sovereign immunity bar") (Griffin, M.J.), *adopted by* 2020 WL 3447533 (July 17, 2024) (Counts, J.).

## ARGUMENT

The parties have already engaged in *extensive* motions practice concerning the Commission's motion to dismiss the SAC. The TAC does not address the legal arguments raised in the Commission's motion to dismiss, the Commission would be unduly prejudiced by having to engage in another round of briefing, and amendment would be futile. Therefore, the SEC

---

to Amend would be futile and denies said motion") (Counts, J.).

5

respectfully submits that the Court should deny Plaintiff's Motion as to the Commission. *See, e.g., Carter v. City of Missouri City, Tex.*, No. 4:21-CV-01674, 2022 WL 10758472, at *2 (S.D. Tex. Aug. 17, 2022) ("[g]ranting Plaintiff leave to amend his complaint a third time will cause undue prejudice, unnecessary delay, and be futile.").[8]

### I. The TAC does not address the legal arguments raised in the Commission's Motion to Dismiss the SAC.

Neither the Motion nor the TAC addresses the *legal* arguments that the Commission raised in its motion to dismiss. The limited new allegations in the TAC (at most) nominally buttress Plaintiff's factual contention that the Commission was aware of fraudulent conduct regarding Torchlight and MMTLP and should have investigated sooner. Even if the whistleblower tip (or the TAC more generally) provided extensive new evidence of red flags the Commission missed (they do not), it would not change the fact that sovereign immunity would bar Plaintiff's claims because the Commission has discretion when and how to investigate and bring enforcement actions relating to violations of the federal securities laws. *See* ECF 35 at 19-23. Similarly, nothing in the TAC changes the standing analysis presented in the Commission's motion to dismiss. *See id.* at 14-18. For example, Plaintiff does nothing in the TAC to show that the Commission's alleged failure to overturn FINRA's U3 halt caused Plaintiff's alleged economic loss or that a court order holding the Commission should have overturned the halt

---

[8] The Motion is also procedurally deficient because Plaintiff only "identifies in a general sense the changes contained within his amended complaint." *Roberts v. Khounphixay*, No. C19-014, 2019 WL 4276609, at *1 (W.D. Wash. Sept. 10, 2019) (holding *pro se* plaintiff violated FRCP 15(a) and the corresponding local rule by only identifying general changes in the proposed amendment and denying leave on that ground and futility). *See also e.g., Henrique v. Georgia Dep't of Rev.*, No. 1:20-cv-03901, 2020 WL 10147132, at 4* (N.D. Ga. Dec. 9, 2020) (denying *pro se* plaintiff leave to file a second amended complaint because plaintiff had not "identified what, if any, changes, deletions, or additions he seeks to make to his First Amended Complaint") (citing FRCP 7(b)(1)(B) & (C) and the corresponding local rule).

would remedy any economic loss. *See id.* at 15-16.

Plaintiff characterizes the issues raised in the Commission's motion to dismiss as "procedural objections," Mot. ¶ 6, that can purportedly be overcome by minor modifications in the TAC, but this contention ignores that the Commission demonstrated fundamental *legal* failings in Plaintiff's claims.

### II. The TAC raises almost no new allegations, and it would be prejudicial and wasteful to engage in another round of briefing on the same issues.

Because the TAC is almost completely devoid of allegations not raised in the SAC, it would be unduly prejudicial to permit Plaintiff to file the TAC—necessitating an entirely new round of briefing[9]—when any changes between the SAC and TAC will not be dispositive in determining whether the operative complaint survives a motion to dismiss. *See, e.g., Revilla v. H&E Equip. Servs., Inc.*, No. 2:20-CV-00194, 2021 WL 1560660, at *1 (S.D. Tex. March 1, 2021) (denying leave to amend while a fully briefed motion to dismiss was pending because "[r]estarting this briefing would prejudice [defendant], and as noted, the additional allegations in the proposed amended complaint do not substantively change the jurisdictional analysis" briefed in the pending motion to dismiss); *Sullivan v. Gelb*, No. 1:23-cv-5194, 2023 WL 82360646, at *4 (S.D.N.Y. Nov. 27, 2023) (denying motion for leave to file an amended complaint where motions to dismiss were pending "and nearly fully briefed").

For example, Plaintiff claims that the TAC "[s]trengthened" his constitutional claims. Mot. ¶ 4.e. Plaintiff unequivocally and extensively raised these legal claims in the SAC. SAC

---

[9] Plaintiff's argument that granting the Motion would allow "a more efficient resolution of the pending motions to dismiss," Mot. ¶ 6, ignores that granting leave to file the TAC would presumably moot the pending motions. *See, e.g., Good River Farms, LP v. TXI Operations, LP*, No. 1:17-CV-1117, 2018 WL 1770494, at *3 (W.D. Tex. April 12, 2018) (dismissing pending motions to dismiss as moot upon filing of an amended complaint).

7

¶¶ 115-140, 176-196, 202-203, and 287-289. These claims will rise or fall on their merits (or lack thereof) not on pleading tweaks (if any) Plaintiff may have made between the TAC and SAC.[10]

### III. To the extent the TAC amends the SAC, any such amendment is futile.

To the extent that the TAC raises new claims or materially adds to existing ones, Plaintiff's amendments are futile.

#### A. Any amendment to Count XIII is futile.

Plaintiff's arguable augmentation of his claim that the Commission violated Section 10(b) of the Exchange Act and Rule 10b-5 thereunder (Count XIII) is of no moment. This claim fails because Plaintiff does not allege that the Commission bought or sold any securities or that it made any statements in connection with the buying or selling of securities, nor does he allege facts supporting scienter, reliance, economic loss, or a causal connection between the alleged material misrepresentation and the loss. *See, e.g., Mun. Employee's Ret. Syst. of Michigan v. Pier 1 Imports, Inc.*, 935 F.3d 424, 429 (5th Cir. 2019) (laying out basic elements of a claim under Section 10(b)).[11] Plaintiff's contention that "the SEC affirmatively misled market participants

---

[10] It is unclear how or why Plaintiff believes the TAC presents stronger constitutional claims. Virtually all of the cases Plaintiff cites in support of his constitutional claims in the TAC were also cited (in most cases repeatedly) in the SAC. *See, e.g., Freytag v. Comm'n*, 501 U.S. 868 (1991) (cited SAC ¶¶ 116-17, 120, 124, 179, and 203.b; TAC ¶¶ 113, 68); *Free Enterp. Fund v. PCAOB*, 561 U.S. 477 (2010) (cited SAC ¶ 118; TAC ¶ 114, 181); *Lebron v. Nat'l R.R. Passenger Co.*, 513 U.S. 374 (1995) (cited SAC ¶¶ 119, 125, and 192; TAC ¶¶ 115, 172, and 183); *Alpine Sec. Corp. v. FINRA*, 982 F.3d 68 (D.C. Cir. 2020) (cited SAC ¶¶ 20, 21, 29, 164, 183, 195-96, and 308; TAC ¶¶ 119, 150, and 179); *SEC v. Sloan*, 436 U.S. 103 (1978) (cited SAC ¶¶ 20, 126-27, 133, 164-65, 186, 193-94, and 308); *J.W. Hampton, Jr. & Co. v. U.S.*, 276 U.S. 394 (1928) (cited SAC ¶¶ 128, 182; TAC ¶ 123, 176); *Mathews v. Eldridge*, 424 U.S. 319 (1976) (cited SAC ¶¶ 134, 186; TAC ¶¶ 128, 171); *West Virginia v. EPA*, 597 U.S. 697 (2022) (cited SAC ¶¶ 130-31, 138-39, 184, 288, and 290.a; TAC ¶¶ 123, 169, and 177).
[11] Plaintiff does not cite a single example of the Commission being held liable for violating Section 10(b), and we are not aware of any.

through omission," TAC ¶ 267, is unavailing because any alleged "omission" by the Commission would not be "in connection with the purchase or sale of any security." 17 C.F.R. § 240.10b-5(c). Moreover, the Commission does *not* have an obligation to publicly disclose when it has concerns that a party may be violating the federal securities laws. *See, e.g., SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 737 (1984) (the SEC "has statutory authority to conduct *nonpublic* investigations into possible violations of the securities laws") (emphasis added).[12]

### B. Amendment to add a claim regarding the constitutionality of the PSLRA is futile.

Plaintiff's claim regarding the PSLRA is similarly unavailing. Plaintiff asserts that he is caught in a "procedural Catch-22," TAC ¶ 304, because the "PSLRA has been invoked by Defendants to block discovery,"[13] yet the regulators "have refused to investigate, publish findings, or compel disclosure," *id.* ¶ 303. Plaintiff therefore asserts that the PSLRA's limitations on discovery and heightened pleading standards "functionally den[y] retail investors any meaningful forum for redress" in violation of due process. *Id.* ¶ 302. Allowing amendment to add this claim would be futile.

---

[12] A rule that required the Commission to publicly announce whenever it had some concerns that a person or entity may have been violating the federal securities laws—but not sufficient evidence to warrant an action—would not only undermine the Commission's efforts to develop evidence sufficient to ultimately bring and sustain a claim, but it would also cast a pall over individuals and entities against whom the Commission did not (at least yet) have *evidence* of wrongdoing.

[13] In fact, Plaintiff has only sought limited, jurisdictional discovery against FINRA, ECF 37, and FINRA objected because discovery was improper until the Court ruled on its immunity defense and, even absent immunity, Plaintiff was not entitled to jurisdictional discovery. ECF 41. FINRA did not raise the PSLRA as a defense against Plaintiff's discovery request. *Id.* Similarly, any discovery request to the SEC prior to the Court ruling on the Commission's immunity and other defenses would be improper, even absent the PSLRA. *See, e.g., Nieto v. San Perlita Ind. Sch. Dist.*, 894 F.2d 174, 177 (5th Cir. 1990) (sovereign immunity "extends beyond just a defense to liability to include all aspects of litigation" and "until resolution of the threshold question of the application of an immunity defense, discovery should not be allowed").

9

First, Plaintiff does not have standing to challenge the constitutionality of the PSLRA because a ruling in his favor would not redress his alleged injuries. *Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 107 (1998) ("Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement."). Second, Plaintiff's Fifth Amendment due process claim is facially without merit. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). The PSLRA pleading requirements and discovery rules in no way inhibit Plaintiff's access to the courts nor do they deprive him of a meaningful opportunity to present his case. That he cannot meet these standards does not mean he lacked a meaningful opportunity to do so.[14]

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File a Third Amended Complaint against the Commission should be denied.

---

[14] Even if Plaintiff's assertions that the Commission has not investigated alleged frauds related to Torchlight and MMTLP were true, TAC ¶ 302, his due process claim would fail. But that assertion is objectively false. The Commission found (after an investigation and in connection with the institution of an enforcement proceeding) that Meta Materials, Inc. committed fraud, *In re Meta Materials, Inc. (f/k/a Torchlight Energy Resources, Inc.)*, Securities Release No. 11292, 2024 WL 3178156, at *1 (June 25, 2024), and is engaged in ongoing litigation against two individuals who allegedly perpetrated the fraud, *SEC v. Brda*, 4:24-cv-1048 (E.D. Tex.), ECF 1. The Commission also has an ongoing investigation regarding MMTLP. *Id.*, ECF 61 at p. 1 ("the SEC is investigating potential violations relating to trading in 'MMTLP' between October 2022 and December 2022"). (A "court may take judicial notice of matters of public record" including "filings from prior lawsuits." *Krystal One Acquisitions LLC v. Bank of Am.*, 805 Fed. Appx. 283, 287 (5th Cir. 2020).) That the Commission has not taken the undefined actions that Plaintiff would like at the time Plaintiff would have liked does not mean that the Commission has "choose[n] not to act." TAC ¶ 303. And, the Commission has discretion when and how to investigate or enforce the federal securities laws. *Heckler v. Chaney*, 470 U.S. 821, 838 (1985). Therefore, even if the Commission chose not to take any action relating to Torchlight and MMTLP, such decision would not violate due process or any other right or entitlement of Plaintiff.

                                                Respectfully Submitted,

Date: July 28, 2025                                                                        /s/ Eric A. Reicher

                                                Melinda Hardy*
                                                D.C. Bar No. 431906
                                                Eric A. Reicher*
                                                D.C. Bar No. 490866
                                                Securities and Exchange Commission
                                                100 F Street NE
                                                Washington, DC 20549
                                                (202) 551-7921 (phone) (Reicher)
                                                hardym@sec.gov
                                                reichere@sec.gov

                                                Jason J. Rose
                                                Texas Bar No. 24007946
                                                Securities and Exchange Commission
                                                801 Cherry Street, Suite 1900
                                                Fort Worth, Texas 76102
                                                (817) 978-1408 (phone)
                                                (817) 978-4927 (facsimile)
                                                rosej@sec.gov

                                                Counsel for Defendant

                                                * Admitted Pro Hac Vice

CERTIFICATE OF SERVICE

      I hereby certify that on this 28th day of July, 2025, I filed or caused to be filed the foregoing SEC Opposition to Plaintiff's Motion for Leave to File a Third Amended Complaint through the CM/ECF system which will provide service to Plaintiff since he has been granted permission to file electronically by the Court.

                                              */s/ Eric A. Reicher*
                                              Eric A. Reicher
                                              Special Trial Counsel
                                              U.S. Securities and Exchange Commission