UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| MATTHEW J. PEASE, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| vs. § | |
| § | Case No. 7:24-CV-322-DC-RCG |
| SECURITIES & EXCHANGE § | |
| COMMISSION, FINANCIAL INDUSTRY § | |
| REGULATORY AUTHORITY, JOHN § | |
| BRDA, GREGORY MCCABE, NEXT § | |
| BRIDGE HYDROCARBONS, INC., § | |
| § | |
| *Defendants*. § | |

## OPPOSITION TO MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Defendants John Brda and Gregory McCabe file this Opposition to Plaintiff Matthew J. Pease Corrected Opposed Motion for Leave to File Third Amended Complaint (Doc. 73 (the "Motion")) and they respectfully state as follows:[1]

1. Since filing this lawsuit on December 6, 2024, Plaintiff has filed three iterations of his complaint. *See* Docs. 1, 3, 12. Plaintiff now seeks leave to file a fourth futile iteration.

2. On July 7, 2025, Brda and McCabe filed their reply (Doc. 69), and all Defendants' motions to dismiss the Second Amended Complaint, including replies (and sur-replies) thereto, were extensively and fully briefed. *See* Docs. 29, 35–36, 40, 42–43, 45, 52, 58–59, 66–67, 69–70. The motions were then ripe for the Court's ruling. *See* Local Rule CV-7.

---

[1] Any references to page numbers are to the ECF stamped filing page numbers. Brda and McCabe incorporate and adopt the arguments made by the other defendants in connection with their oppositions to the Motion to the extent that they are applicable.

**DEFENDANTS BRDA & MCCABE OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT – PAGE 1**

3. The next day, on July 8, 2025,[2] Plaintiff filed the instant Motion stating he "has revised the complaint to address the alleged deficiencies, including . . . More specific factual allegations tied to standing and purchase/sale activity" and "Consolidation and refinement for clarity, efficiency, and compliance with Rule 8," among others. Mot. at 1–2.

4. The proposed third amended complaint spans 73 pages, over 300 paragraphs of allegations, and purports to assert seventeen causes of action. *See* Doc. 73-1.

5. Plaintiff's proposed pleading does not cure Brda and McCabe's primary argument in their motion to dismiss: "Whether because he fails to plead statutory standing or because he fails to invoke the federal securities laws, Plaintiff's failure to plead any connection to the purchase or sale of securities is fatal to his claims." Doc. 58 at 12. "It is well established that mere retention of securities in reliance on material misrepresentations or omissions does not form the basis for a § 10(b) or Rule 10b–5 claim." *Id.* at 10 (quoting *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1443 n.7 (5th Cir. 1993)).

6. Plaintiff asserts he "reasonably relied on these representations in both purchasing and continuing to hold MMTLP shares." Doc. 73-1 ¶ 192. But despite Plaintiff's self-proclaimed "[m]ore specific factual allegations tied to standing and purchase/sale activity," Mot. at 1, he still fails to allege: (i) what, if any, representation he personally relied on to purchase MMTLP shares; (ii) when, if ever, that representation was communicated to him; (iii) how many MMTLP shares he holds (or held); (iv) when he purchased those shares; (v) how much he paid; and (vi) whether he received those shares in a distribution. *See Targgart v. Next Bridge Hydrocarbons, Inc.*, ---- F.Supp.3d ----, 2025 WL 1831590, at *4 (N.D. Tex. July 3, 2025) ("receiving shares in a

---

[2] Plaintiff's original Motion (Doc. 72), filed on July 8, 2025, was struck for not complying with Local Rules and was later re-filed on July 9, 2025.

**DEFENDANTS BRDA & MCCABE OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT – PAGE 2**

distribution does not confer standing"; dismissing Securities Act of 1933 claims against Brda and McCabe with prejudice for allegations that "Defendants made false or misleading statements leading up to the spinoff of Next Bridge from Meta Materials, Inc.").

7. While to leave to amend should be freely given, it is "by no means automatic." *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991). And district courts may deny leave when amendment would be futile. *See Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004); *see also Sigaran v. U.S. Bank Nat'l Ass'n*, 560 Fed. Appx. 410, 416 (5th Cir. 2014) ("Amending a complaint is futile when the proposed amendment . . . could not survive a motion to dismiss."). Plaintiff's proposed amendments are futile, so leave to amend should be denied. *See Traudt v. Rubenstein*, 2025 WL 1795825, at *12 (D. Vt. June 30, 2025) (denying *pro se* MMTLP investor leave to file a futile second amended complaint).

8. Notably, Plaintiff doubles down on many of the critical defects that existed before. *Compare* Doc. 73-1 ¶¶ 217–21 (Plaintiff asserting claim for violation of Regulation FD) *with* Doc. 66 at 4 (in his own words "Plaintiff concedes that Regulation FD does not provide a private right of action").

9. Plaintiff is continuing to assert claims that he previously conceded do not exist. *Compare* Doc. 73-1 ¶¶ 251–56 (Plaintiff asserting claim for negligent infliction of emotional distress) *with* Doc. 67 at 7 ("Plaintiff voluntarily withdraws the claim for negligent infliction of emotional distress, in accordance with *Hirras v. Nat'l R.R. Passenger Corp.*, 44 F.3d 278, 280 n.3 (5th Cir. 1995).").

10. These defects alone require dismissal. *See, e.g.*, *Davis v. Vilsack*, 2015 WL 5012838, at *2 (W.D. La. Aug. 21, 2015) (denying *pro se* plaintiff leave to amend where "amendment would be superfluous and redundant in part and otherwise futile"); *Buchanan v. U.S.*

*Bank, N.A.*, 2014 WL 3045107, at *3 (S.D. Tex. July 3, 2014) ("a plaintiff should be denied leave to amend a complaint if the court determines that the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face").[3]

11. Defendants Brda and McCabe respectfully request that this Court deny Plaintiff's Corrected Opposed Motion for Leave to File Third Amended Complaint and dismiss Plaintiff's Second Amended Complaint with prejudice for failure to state a claim for which relief can be granted, as well as grant such other and further relief as this Court deems just and proper.

---

[3] Further underscoring the defectiveness of Plaintiff's proposed Third Amended Complaint, Plaintiff purports to assert numerous causes of action against DTCC, or Depository Trust & Clearing Corporation, without having named DTCC as a defendant. *See, e.g.*, Doc. 73-1 ¶ 271 (alleging DTCC's violation of Section 17A of the Securities Exchange Act); ¶ 276 (alleging DTCC's violation of Regulation SHO).

**DEFENDANTS BRDA & MCCABE OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT – PAGE 4**

Respectfully submitted,

*/s/ Jason S. Lewis*
Jason S. Lewis
  Texas Bar No. 24007551
  jason.lewis@us.dlapiper.com
Jason M. Hopkins
  Texas Bar No. 24059969
  jason.hopkins@us.dlapiper.com
Ryan D. Lantry
  Texas Bar No. 24125130
  ryan.lantry@us.dlapiper.com
**DLA PIPER LLP**
1900 N. Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone:  214.743.4546
Facsimile:  214.743.4545

**ATTORNEYS FOR DEFENDANTS JOHN BRDA & GREGORY MCCABE**

## CERTIFICATE OF SERVICE

I certify that I served the foregoing document on all counsel of record via the Court's CM/ECF system on July 29, 2025.

                                         */s/ Jason S. Lewis*
                                             Jason S. Lewis