IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| MATTHEW J. PEASE,<br><br>                      Plaintiff,<br><br>v.<br><br>SECURITIES & EXCHANGE COMMISSION, FINANCIAL INDUSTRY REGULATORY AUTHORITY, DEPOSITORY TRUST & CLEARING CORPORATION, CHARLES SCHWAB & CO., INC., formerly TD AMERITRADE, GTS SECURITIES LLC, EQUINITI TRUST COMPANY, formerly AMERICAN STOCK TRANSFER & TRUST COMPANY, NEXT BRIDGE HYDROCARBONS, INC., JOHN BRDA, GREGORY MCCABE,<br><br>                      Defendants. | Case No. 7:24-CV322-RCG-DC |

**DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE A THIRD AMENDED COMPLAINT**

**FINRA'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE A THIRD AMENDED COMPLAINT**

I.  INTRODUCTION

Defendant Financial Industry Regulatory Authority, Inc. ("FINRA") files this Opposition to Plaintiff Matthew Pease's Corrected Motion for Leave to File a Third Amended Complaint [ECF 73] (the "Motion for Leave"). Pease filed the Motion for Leave after the parties completed voluminous briefing (including sur-replies by Pease) over the course of several months on four separate motions to dismiss by the multiple defendants in this case. Several other motions are also fully briefed and pending in this case. Yet, Pease now seeks leave to file a Third Amended Complaint [ECF 73-1] (the "TAC") that, much like his Second Amended Complaint [ECF 12] (the "SAC"), contains over 300 paragraphs of conclusory and unsupported allegations that are futile.

Permitting Pease to file the TAC will prejudice FINRA. It will require FINRA to duplicate its efforts and respond to the TAC's long-winded, irrelevant musings, including innumerable conclusory allegations, unsupported factual inferences, and legal conclusions that the Court need not accept as true.[1] The proposed TAC does not assert any new or different causes of action, and it does not cure the fundamental flaws in the SAC, meaning that further amendment would be futile. The TAC fails to: (i) assert any allegations supporting personal jurisdiction over FINRA in this case, (ii) overcome FINRA's absolute immunity, (iii) establish that Pease has a private right of action, or (iv) demonstrate that Pease has standing to assert constitutional claims or that FINRA is a state actor. Pease's claims against FINRA fail as a matter of law. Importantly, Pease has had ample opportunity to plead his "best case." Accordingly, FINRA requests that the Court deny Pease's Motion for Leave and grant FINRA's Motion to Dismiss [ECF 29] (the "FINRA MTD") with prejudice and without leave to amend.

---

[1] *See Jack v. Evonik Corp.*, 79 F.4th 547, 561 (5th Cir. 2023) ("conclusory allegations, unwarranted factual inferences, or legal conclusions" are not accepted as true).

**FINRA'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE A THIRD AMENDED COMPLAINT**                              Page 1 of 10

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Pease commenced this action by filing his initial Complaint on December 6, 2024 [ECF 1]. Before even serving any parties, Pease filed his First Amended Complaint [ECF 3]. Pease then sought leave to amend yet again, which the Court granted despite Pease's failure to comply with Local Rules [ECF 8 & 9].

Pease's SAC contains seventeen (17) claims, with ten (10) asserted against FINRA, as follows:

- Count 1 (Exchange Act Violations) SAC ¶¶ 224-229;
- Count 2 (Regulatory Negligence) SAC ¶¶ 230-233;
- Count 6 (General Negligence) SAC ¶¶ 247-250;
- Count 7 (Breach of Contract) SAC ¶¶ 251-254;
- Count 10 (Failure to Supervise) SAC ¶¶ 262-264;
- Count 11 (Negligent and Intentional Infliction of Emotional Distress) SAC ¶¶ 265-268;
- Count 12 (Conspiracy to Commit Fraud) SAC ¶¶ 269-272;
- Count 15 (Violation of Regulation SHO) SAC ¶¶ 280-282;
- Count 16 (Antitrust Violations) SAC ¶¶ 283-286; and
- Count 17 (Constitutional Claims – Nondelegation and Separation of Powers) SAC ¶¶ 287-289).

The SAC contains 328 separate paragraphs (not including sub-parts) over 93 pages, with numerous allegations based on speculative and unsupported conclusions about FINRA's regulatory activities related to MMTLP, an equity security that traded on the over-the-counter market.

Following service of the SAC, each of the named defendants responded with a motion to dismiss. FINRA filed its motion to dismiss on April 30, 2025 [ECF 29], Pease opposed, and FINRA filed its reply [ECF 36 & 40, respectively]. Pease also filed a motion for leave to file a sur-reply in further opposition [ECF 42], which FINRA opposed because the proposed sur-reply offered no new arguments not already addressed in Pease's opposition [ECF 45; *see also* ECF 42-1]. Co-defendants' motions to dismiss are also fully briefed and remain pending. [ECF 35, 43, 53, 54, 60, 63, 64, 68 (SEC motion to dismiss, Pease sur-reply request, and Pease supplemental filing); ECF

58, 67, 69 (John Brda & Gregory McCabe motion to dismiss); ECF 59, 66, 70 (Next Bridge Hydrocarbons motion to dismiss)].

In addition to the numerous filings on the motions to dismiss the SAC, Pease filed a separate motion for limited discovery on jurisdiction and regulatory immunity [ECF 37], which is fully briefed [ECF 41, 48 & 53]. As noted in FINRA's opposition to that motion [ECF 41], none of the information Pease seeks would have any bearing on the fact that the Court has no personal jurisdiction over FINRA, or the irrefutable legal arguments raised in FINRA's MTD: (i) FINRA is absolutely immune from suit, (ii) Pease has no private right of action, (iii) Pease's constitutional claims fail due to lack of standing and because FINRA is not a state actor, and (iv) Pease could not (and cannot) state an antitrust claim [ECF 29]. In light of the nature of FINRA's arguments, as well as Pease's efforts to engage in premature discovery, FINRA also filed a motion for a protective order to stay discovery and all case management deadlines pending the outcome of the FINRA MTD, which is fully briefed and remains pending [ECF 50, 57, & 62].

In the middle of all of this, Pease also filed a motion to stay the entire case based on his belief that events in an unrelated bankruptcy proceeding in another jurisdiction might result in information that would have some bearing on his case [ECF 46]. That motion is also fully briefed, with oppositions filed by FINRA [ECF 49] and the SEC [ECF 51] and replies by Pease [ECF 54, 55, & 56].

Briefs, oppositions, replies, and requests for sur-replies on all of these motions were filed over the course of four full months, causing the defendants to expend significant resources responding to Pease's 300+ paragraph-long SAC. Pease filed several of the pending motions himself. Yet on July 8, 2025, just one day after Brda, McCabe, and Next Bridge filed replies in support of their motions to dismiss, Pease filed this Motion for Leave [ECF 72 & 73].

Like the SAC, the proposed TAC contains over 300 separate paragraphs of allegations [ECF 73-1]. And while Pease changed the text of some of those allegations, the core allegations and causes of action that he attempts to assert remain unchanged. The TAC alleges that FINRA's decision to halt trading of MMTLP was "in violation of Section 10(b) of the Exchange Act, Rule 10b-5, and multiple constitutional and statutory protections." TAC ¶ 19 (similar to SAC ¶¶ 19, 26, 77). Pease further claims:

> Beyond the securities violations, this case challenges the structural and constitutional defects in the delegation of government authority to private entities such as FINRA. By halting trading indefinitely, without public process, judicial review, or any statutory constraint, FINRA exercised quasi-governmental power in violation of the Appointments Clause, the Nondelegation Doctrine, and the Due Process Clause of the Fifth Amendment.

TAC ¶ 20 (similar to SAC ¶¶ 107, 116, & 117). Pease also repeatedly points in duplicative allegations to actions that FINRA and the SEC purportedly failed to take prior to the trade halt. TAC ¶¶ 37, 44, 49-51, 63-64, 67, 69, 74 (similar to, *e.g.*, SAC ¶¶ 77-78, 89-90).[2] The TAC also cites heavily to FINRA's issuance of the trade halt and publication of corporate action notices, conduct that FINRA engaged in pursuant to SEC-approved FINRA Rules. *See, e.g.*, TAC ¶¶ 60, 62, 65, 88, 90, 147. Pease makes these allegations in support of his conclusion that FINRA and other regulators acted with "scienter" and defrauded investors. *See, e.g.*, TAC ¶¶ 51, 65, 82, 92 (similar to SAC ¶¶ 15, 19, 77, 101). These allegations are repeated throughout the TAC, along with descriptions of completely irrelevant alleged conduct after the trade halt. TAC ¶¶ 93-110 (similar

---

[2] At this point because of the procedural posture, FINRA will only point out to the Court that Pease's characterization of FINRA and SEC conduct blatantly misrepresents the content of certain documents on which Pease relies. For example, Pease's description of a meeting between FINRA and the SEC prior to the trade halt is patently false and unsupported. *See, e.g.*, TAC ¶ 50. Pease draws similar unwarranted, unfounded conclusions throughout the TAC.

**FINRA'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE A THIRD AMENDED COMPLAINT**                                   Page 4 of 10

to SAC ¶¶ 108-109 & 112-113). Pease also repeatedly cites and misrepresents legal authority throughout the TAC to describe what he believes are violations of the Appointments Clause and nondelegation doctrine, and the SEC's failure to engage in proper oversight. TAC ¶¶ 111-188 (similar to SAC ¶¶ 118-196).

The causes of action outlined in the TAC against FINRA are exactly the same as those in the SAC, with Pease only changing the number format from Arabic to Roman. *See* TAC Counts I, II, VI, VII, X, XI, XII, XV XVI & XVII. Further, Pease has not added any alleged facts supporting personal jurisdiction that cure the deficiencies in the SAC. *See* TAC ¶ 9 (claiming only that "The SEC and FINRA, though national in scope, contributed to harm centered on Texas events and actors" and "no better venue exists for unified adjudication").

## III. ARGUMENT

### A. Allowing Pease to File a Third Amended Complaint Would Be Prejudicial

"The district court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., and futility of the amendment.'" *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368 (5d. Cir. 2014) (citing *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005)). Even when a *pro se* plaintiff is involved, leave to amend should be denied if the factors weigh in favor of denying leave to amend. For example, in *Shafer v. Sanchez*, No. 2:22-cv-00049, 2023 U.S. Dist. LEXIS 239846, at *7-*8 (S.D. Tex. Oct. 2, 2023), the *pro se* plaintiff sought leave to file a third amended complaint after the plaintiff had already filed a motion for spoliation sanctions, the defendants had filed motions to dismiss which were fully briefed, and the magistrate judge had issued a recommended decision on those pending motions (granting in part and denying in part the motions to dismiss). The district court there denied the plaintiff's

motion for leave, noting the plaintiff already "had opportunities in his original complaint and two amended complaints to raise [other] claims or name" other defendants, and concluded that leave to amend would cause the defendants "undue prejudice and result in an unnecessary delay by essentially restarting this case [which had been pending for approximately one year]." *Shafer*, 2023 U.S. Dist. LEXIS 239846, at *15.

In support of its decision, the *Shafer* court relied on the Fifth Circuit's decision in *Hermann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566-67 (5th Cir. 2002), affirming denial of leave to amend because the plaintiffs' original complaint and two amended complaints already gave them "ample opportunity to plead their statutory claims." The *Shafer* court also cited a Southern District of Texas decision denying leave to amend because: (1) the plaintiff already filed two amended complaints, and because (2) "granting. . . leave to amend his complaint a third time, **filed after the parties had fully briefed defendants' motion to dismiss** the corrected amended complaint, would cause undue prejudice, unnecessary delay, and be futile." *Carter v. City of Missouri City, Tex.*, No. 4:21-CV-01674, 2022 U.S. Dist. LEXIS 192679, at *5 (S.D. Tex. Aug. 17, 2022) (emphasis added).

In this case, Pease has already amended his Complaint twice. FINRA, the SEC, Brda, McCabe, and Next Bridge Hydrocarbons all filed motions to dismiss, which are fully briefed, including sur-replies by Pease further opposing the FINRA and SEC motions to dismiss. Pease also filed a motion for limited discovery that is fully briefed, along with a motion to stay the entire case which is also fully briefed. Now, after all of that time and effort, Pease wants a fourth chance to state a claim, although the proposed TAC is not substantially different from the SAC. The proposed amendments are futile and the delay is prejudicial.

A plaintiff that files a motion for leave "must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's

defects." *D.L. Markham DDS, MSD, Inc. 401(K) Plan v. Variable Annuity Life Ins. Co.*, 88 F.4th 602, 613-14 (5d Cir. 2023) (quoting *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021), *as revised* (Nov. 26, 2021)). Here, Pease fails to explain how the proposed amendments in the TAC would cure the defects in the SAC or overcome any of the irrefutable legal arguments in the FINRA MTD. While Pease's Motion for Leave describes the general nature of the amendments [ECF 73], the motion fails to explain how those amendments would overcome the fatal defects in the SAC. For example, the proposed TAC simply does not allege any conduct by FINRA that would give rise to personal jurisdiction in this Court. Likewise, while Pease claims to have included "[e]nhanced scienter allegations" [ECF 73, ¶ 4.b], he does not offer any explanation as to how those "enhanced" allegations overcome FINRA's absolute immunity from suit. The same is true for the alleged "[s]trengthened constitutional claims" [ECF 73, ¶ 4.e]—none of those allegations give Pease standing, or change the fact that FINRA is not a state actor. In such a case, Pease's Motion for Leave should be denied.

### B. Any Further Amendment of the SAC Would be Futile

Even if Pease had not delayed in filing his Motion for Leave, and even if he had attempted to explain how any amendments included in the TAC could cure the defects in the SAC, the Motion for Leave should be denied because granting leave would be futile.

District courts may deny leave when amendment would be futile. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (noting the factors to consider on a motion for leave to amend, including "futility of the amendment") (citations omitted); *Sigaran v. U.S. Bank Nat'l Ass'n*, 560 Fed. Appx. 410, 416 (5th Cir. 2014) (affirming denial of amendment as futile where claims "foreclosed by precedent, time-barred, or waived" and plaintiff "never explained—either before this Court or the district court—how they could amend their complaint to avoid these problems"). Even when a *pro se* plaintiff is involved, the futility of an amendment supports denying a motion

for leave to amend. *See, e.g.*, *Bruning v. Attmore*, No. 19-CV-00060-DC, 2020 U.S. Dist. LEXIS 256667, at *17-*26 (W.D. Tex. Feb. 2, 2020) (granting dismissal and denying leave to amend because the various claims in plaintiff's proposed amendment would be subject to dismissal if leave to amend were granted); *Stone v. FINRA*, 694 F. Supp. 3d 774 (E.D. Tex. 2023) (denying *pro se* plaintiff's motion for leave based on finding that "amendment would be futile"); *Williams v. Sheffield*, No. 4:22-CV-736, 2023 U.S. Dist. LEXIS 17473, at *5 (N.D. Tex. Jan. 4, 2023) (acknowledging that *pro se* pleadings "are entitled to more lenient scrutiny than pleadings drafted by lawyers" but concluding that "Plaintiff has had more than one opportunity to file a complaint that is not frivolous and states a claim upon which relief can be granted" and amendment would be futile).

Leave to amend should also be denied where the plaintiff has already pled his "best case" and allowing amendment would serve no useful purpose. *See Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (holding that leave should be denied in "any case where the pleadings, when viewed under the individual circumstances of the case, demonstrate that the plaintiff has pleaded his best case" and noting denial may even be appropriate where the plaintiff had not amended even once, if their "best case" was already pled). The *Jacquez* court also noted that "once given adequate opportunity, even a *pro se* complaint must contain specific facts supporting its conclusions." *Id.* (citing *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985) and *Green v. McKaskle*, 788 F.2d 1116 (5th Cir.1986)).

The court's ruling in *Goldsmith v. Hood County Jail*, 299 Fed. Appx. 422 (5th Cir. 2008), is instructive. In that case, the court affirmed the district court's dismissal and denial of the *pro se* plaintiff's motion for leave to amend, noting that "[i]n general, it is error for a district court to dismiss a pro se complaint without affording the plaintiff the opportunity to amend" but "[s]uch an

error may be ameliorated…where the plaintiff has set forth his 'best case.'" *Id.* at 422. Much like Pease in this case, the plaintiff in *Goldsmith* failed to explain how the amendment would overcome the legal deficiencies in his complaint, a complaint which the court noted was "fairly thorough." *Id.* As a result, the court affirmed dismissal and denial of leave to amend because there was "no indication that [plaintiff] had not set forth his best case." *Id.; see also English v. United States*, No. 4:24-CV-00282, 2024 U.S. Dist. LEXIS 132174, at *10 (S.D. Tex. July 26, 2024), *appeal dismissed*, No. 24-20338, 2024 U.S. App. LEXIS 22481 (5th Cir. Sept. 4, 2024), and *appeal dismissed*, No. 24-20341, 2024 U.S. App. LEXIS 23518 (5th Cir. Sept. 16, 2024) (denying leave to amend and noting that the"[p]laintiff has had the opportunity to allege his best case, and…further amendments would not change the outcome").[3]

Here, Pease's proposed amendments would not change the outcome of the case. Neither the SAC nor the TAC contain any facts supporting personal jurisdiction over FINRA. Further, Pease's causes of action have not changed in any substantive away. While Pease claims, for example, that "FINRA violated 15 U.S.C. § 78o-3(b)(6) and Rule 6440(f)(3) by halting trading based on no verified issuer information, with no audit, process, or constraint" [TAC p. 65, n.1], Pease fails to explain how those allegations overcome FINRA's absolute immunity from suit for what remains

---

[3] *Cf. Pitts v. Waffle House, Inc.*, No. 23-60436, 2024 U.S. App. LEXIS 10630, at *4-*5 (5th Cir. May 1, 2024) ("It is not an abuse of discretion to deny a *pro se* party leave to amend…where the plaintiff has already pleaded his 'best case.'") (citations omitted); *Jackson v. Pierre*, 810 F. App'x 276, 281 n.4 (5th Cir. 2020) (affirming denial of leave to amend where "[w]e agree that [plaintiff] has failed to point to any amendments to her complaint that could change the outcome"); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (finding no error where the Western District of Texas court found the *pro se* plaintiff had already pled his best case); *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (affirming denial of *pro se* plaintiff's leave to amend because leave is not required "if the plaintiff has already pleaded his 'best case'"); *Bernegger v. Dep't of Revenue*, No. 3:17CV993-HSO-LRA, 2019 U.S. Dist. LEXIS 181668, at *11 (S.D. Miss. Jan. 16, 2019), *aff'd*, 785 F. App'x 209 (5th Cir. 2019) (denying *pro se* plaintiff's motion for leave to amend where "Plaintiff's proposed amendment would not change the outcome and would therefore be futile").

**FINRA'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE A THIRD AMENDED COMPLAINT**                                         Page 9 of 10

"quintessentially regulatory" activity, or the fact that Pease lacks a private right of action. In such a case where a *pro se* plaintiff has already pled his best case, such that "no further amendment can overcome [defendants' immunity defenses,]" leave is not required because "granting additional leave to amend would be futile and only cause needless delay." *Patterson v. Off. of Att'y Gen. Child Support Div.*, No. MO:23-CV-209-DC-RCG, 2024 U.S. Dist. LEXIS 111639, at *11 (W.D. Tex. June 25, 2024), *report and recommendation adopted*, No. MO:23-CV-00209-DC, 2024 U.S. Dist. LEXIS 125707 (W.D. Tex. July 17, 2024); *see also Daniels v. Saucedo*, No. MO:21-CV-101-DC, 2021 U.S. Dist. LEXIS 250629, at *3 (W.D. Tex. Nov. 17, 2021), *aff'd*, No. 21-51193, 2022 U.S. App. LEXIS 28441, at *8-*9 (5th Cir. Oct. 12, 2022) ("The court may deny leave to amend, however, if the defects are incurable or the plaintiff has already alleged their best case").

The new allegations in the TAC also do not overcome his lack of standing to assert constitutional claims or the fact that FINRA is not a state actor. The crux of Pease's antitrust claims also remains unchanged.

Pease has already alleged his best case. Allowing him to file a futile Third Amended Complaint would only cause FINRA to incur significant additional expenses and delay the inevitable.

## IV.   CONCLUSION

For the foregoing reasons, FINRA respectfully requests that the Court deny Pease's Motion for Leave and dismiss the SAC against FINRA, with prejudice and without leave for further amendments.

Respectfully submitted,

_____
David C. Kent
State Bar No. 11316400
david.kent@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
2323 Ross Avenue, Suite 1700
Dallas, Texas 75201
(469) 357-2500
(469) 327-0860 (fax)
*Attorneys for Defendant*
*Financial Industry Regulatory Authority, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served on all *pro se* parties and counsel of record through the CM/ECF system on July 29, 2025.

_____
David C. Kent