IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| MATTHEW J. PEASE,<br><br>Plaintiff,<br><br>v.<br><br>SECURITIES & EXCHANGE COMMISSION, FINANCIAL INDUSTRY REGULATORY AUTHORITY, JOHN BRDA, GREGORY MCCABE, NEXT BRIDGE HYDROCARBONS, INC.<br><br>Defendants. | Case No.: 7:24-CV-00322-DC-RCG |

**REPLY IN SUPPORT OF CORRECTED MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT, IN RESPONSE TO THE OPPOSITION OF DEFENDANT SEC**

### I. <u>Introduction</u>

1. Plaintiff Matthew J. Pease, proceeding pro se, respectfully submits this Reply in Support of his Corrected Motion for Leave to File Third Amended Complaint (ECF 73) in response to the Securities and Exchange Commission's Opposition (ECF 78). The proposed Third Amended Complaint (TAC) cures deficiencies, adds material allegations, and is not futile. Amendment promotes judicial efficiency and causes no undue prejudice. Plaintiff requests oral argument if the Court deems it helpful.

2. The SEC's opposition mischaracterizes the TAC as mere "deck chair rearranging," ignoring how its amendments directly address the deficiencies raised in ECF 35. The

1

TAC strengthens standing, scienter, and causation through specific enhancements, including Plaintiff's TRCH purchase and the whistleblower tip (TAC ¶¶ 266, 300), both of which tie directly to the SEC's deceptive omissions. These are not redundant; they reframe the agency's conduct as ultra vires and affirmatively misleading under Rule 10b-5(c). Denying leave would prematurely foreclose a meritorious case.

3. The TAC cures the key deficiencies identified by Defendants, including standing, scienter, causation, immunity, and procedural clarity—each addressed in the sections that follow.

4. This case does not challenge regulation, it challenges fraud disguised as regulation. The SEC's "deck chairs" metaphor reflects a dismissive posture toward over 70,000 harmed investors, trivializing a $2.5 million loss. The SEC invokes the Titanic, but what it truly resembles is the orchestra—playing through investor collapse while insisting nothing was wrong.

5. The TAC streamlines the SAC by reducing its length from 93 to 73 pages, removing redundancy and consolidating allegations. It corrects the specific deficiencies cited by the SEC:

6. Standing and causation are clarified by specifying Plaintiff's June 2021 TRCH purchase of 5,000 shares, directly linking loss to SEC omissions (TAC ¶¶ 15, 192, 264-269).

7. Scienter is bolstered by newly emphasized whistleblower materials and FOIA documents that show internal awareness by November 2021 and inaction despite that awareness (TAC ¶¶ 264-266, 300).

8. Sovereign immunity is rebutted through ultra vires framing under Section 17A, showing that the SEC failed to act despite duties under 15 U.S.C. § 78q-1 (TAC ¶¶ 264-269).

9. A PSLRA due process claim is added to address denial of discovery necessary to prove the underlying fraud (TAC ¶¶ 302-305).

## II. THE TAC IS NOT FUTILE AND CURES DEFICIENCIES

10. The SEC argues that the TAC fails due to sovereign immunity, lack of standing, and inability to state a claim (ECF 78 at 4-11). The TAC cures each of these.

11. Plaintiff's June 2021 TRCH purchase meets the purchase requirement of Rule 10b-5 and Blue Chip Stamps. The $2.568 million in canceled sell orders on December 9, 2022, directly supports causation. This loss is not hypothetical; it was caused by the SEC's concealment of market instability.

12. The SEC had actual knowledge of synthetic share proliferation and failures to reconcile (TAC ¶¶ 264-266), but failed to halt trading, issue bulletins, or warn the public. This silence was not regulatory discretion under Heckler—it was knowing concealment, and therefore actionable deception.

13. Immunity does not apply to ultra vires conduct or affirmative deception. The SEC's refusal to enforce its obligations under Section 17A while internally acknowledging the problem establishes more than omission. It creates liability under Rule 10b-5(c). See *SEC v. Sloan*, 436 U.S. 103 (1978); *Free Enter. Fund v. PCAOB*, 561 U.S. 477 (2010).

14. The whistleblower letter and FOIA materials (TAC ¶¶ 266, 300) support scienter, distinguishing this case from Molchatsky, which involved mere negligence. The TAC alleges fraud enabled by regulatory silence.

15. The PSLRA due process claim (TAC ¶¶ 302-305) has standing. The inability to obtain records and testimony from defendants under the current stay prejudices Plaintiff's ability to establish the underlying fraud. See *Mathews v. Eldridge*, 424 U.S. 319 (1976).

### III. NO UNDUE PREJUDICE OR DELAY

16. The SEC asserts prejudice due to additional briefing. But the TAC's changes are targeted, eliminate redundancy, and resolve issues already briefed. No discovery has occurred. This amendment enhances judicial efficiency.

17. Pro se plaintiffs are entitled to latitude. See *Haines v. Kerner*, 404 U.S. 519 (1972). Courts in the Fifth Circuit permit amendments where they cure deficiencies. See *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

### IV. CONCLUSION

18. The TAC cures all previously identified deficiencies, adds material facts, and states viable claims. Plaintiff respectfully requests that the Court grant leave to file the TAC and deny the SEC's opposition.

19. The SEC seeks dismissal based on assumptions already disproven by the public record. That is not law—it is inertia. This is not a procedural sideshow. It is a $2.5 million loss from omissions, manipulation, and a compromised market structure—a failure the SEC had the authority and duty to prevent, yet knowingly allowed.

Dated: August 4, 2025

/s/ Matthew J. Pease
Matthew J. Pease
Pro Se Plaintiff
1 Cobbler Lane
Amherst, NH 03031