IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

MATTHEW J. PEASE,

          Plaintiff,

v().

SECURITIES & EXCHANGE COMMISSION,
FINANCIAL INDUSTRY REGULATORY
AUTHORITY, JOHN BRDA, GREGORY MCCABE,
NEXT BRIDGE HYDROCARBONS, INC.

          Defendants.

Case No.: 7:24-CV-00322-DC-RCG

**REPLY IN SUPPORT OF CORRECTED MOTION FOR LEAVE TO FILE
THIRD AMENDED COMPLAINT, IN RESPONSE TO THE OPPOSITION OF
DEFENDANT FINRA**

**I. Introduction**

1. Plaintiff Matthew J. Pease, proceeding pro se, respectfully submits this Reply in Support of his Corrected Motion for Leave to File Third Amended Complaint (ECF 73) in response to FINRA's Opposition (ECF 80). The proposed Third Amended Complaint (TAC) cures deficiencies, adds material allegations, and is not futile. Amendment promotes judicial efficiency and causes no undue prejudice. Plaintiff requests oral argument if the Court deems it helpful.

2. FINRA recycles immunity and futility arguments while ignoring TAC enhancements, including specific ultra vires violations, strengthened scienter, and Plaintiff's TRCH

      purchase tying harm to FINRA's U3 halt. These allegations rebut absolute immunity and support FINRA's classification as a state actor for constitutional claims. Denying leave would ignore material developments and procedural fairness owed to a pro se litigant.

3. The TAC cures the key deficiencies identified by Defendants, including standing, scienter, causation, immunity, and procedural clarity—each addressed in the sections that follow.

4. The TAC does not challenge regulation itself, but rather fraud carried out under the color of regulation. FINRA's opposition reads as an institutional reflex to silence retail investors, invoking immunity while avoiding any explanation for the halt's lack of audit, issuer request, or verified extraordinary event.

5. The TAC cures key deficiencies. On immunity, the SAC referenced the halt generally (TAC ¶ 35), while the TAC adds that FINRA imposed the U3 halt without verified issuer information, violating Rule 6440(f)(3) (TAC ¶¶ 120, 165–166, n.1). On state actor status, the TAC establishes that FINRA exercised delegated SEC power without intelligible principle or oversight, and coordinated directly with the SEC (TAC ¶¶ 111–188). On jurisdiction, the TAC supplements venue claims by identifying NBH and McCabe in Midland and tying the halted asset to a Texas entity and localized investor harm (TAC ¶ 9).

6. The TAC also reduces the SAC's length from 93 to 73 pages, consolidating and clarifying allegations without redundancy.

## II. The TAC Is Not Futile and Addresses Key Deficiencies

7. FINRA asserts that the TAC merely restates the SAC without curing defects (ECF 80 at 5–10). This is incorrect. The TAC contains targeted amendments that directly address the issues raised in the opposition and motion to dismiss.

8. Immunity does not shield ultra vires conduct. The TAC alleges FINRA violated 15 U.S.C. § 78o-3(b)(6) and Rule 6440(f)(3) by halting trading without issuer-verified information of an extraordinary event. The March 16, 2023 FAQ concedes there was no issuer confirmation. That renders the halt ultra vires under FINRA's own rules and transforms it into an unlawful deprivation of property. These facts support a due process violation and are not protected by immunity. See Standard Chartered *Bank v. Milken*, 27 F.3d 761 (2d Cir. 1994); *SEC v. Sloan*, 436 U.S. 103 (1978). The whistleblower tip and FOIA timeline corroborate that FINRA acted knowingly and arbitrarily. The TAC alleges more than mere failure to act; it alleges deliberate misdirection. FINRA had the tools—halt rules, disclosure channels, audit authority—but used none of them. Immunity here does not shield regulation; it shields misconduct.

9. The TAC also strengthens the claim that FINRA is a state actor for constitutional purposes. Under *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288 (2001), and *Alpine Sec. Corp. v. FINRA*, 982 F.3d 68 (D.C. Cir. 2020), FINRA's exercise of SEC-delegated power without intelligible principle and in coordination with the SEC satisfies the standard for state action. Plaintiff's TRCH purchase in June 2021 for 5,000 shares, and subsequent loss of $2,568,000 due to the halt (TAC ¶ 15), establishes injury and causation. The TAC alleges deprivation of property without notice, hearing, or appeal (TAC ¶¶ 287–293).

10. The TAC also supports personal jurisdiction. The allegations show NBH and McCabe are based in Midland, Texas, and the halted security was issued by a Texas entity, affecting Texas shareholders and assets. These facts meet the minimum contacts standard under 28 U.S.C. § 1391. In addition, the TAC pleads an implied right of action under Regulation SHO and the Sherman Act § 1, based on allegations of conspiracy to suppress trading through improper halts and concealment (TAC ¶¶ 281–286).

### III. No Undue Prejudice; Plaintiff Has Not Pled His "Best Case"

11. FINRA's assertion of undue prejudice is unpersuasive. The TAC's amendments overlap with previously briefed issues, and no discovery has occurred. Pro se plaintiffs are entitled to latitude under *Haines v. Kerner*, 404 U.S. 519 (1972). This is not Plaintiff's "best case" within the meaning of *Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986); rather, it is an effort to cure deficiencies consistent with Rule 15 standards. See also *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (amendment should be permitted where it states a viable claim).

### IV. Conclusion

12. The TAC is not futile. It adds material allegations, cures the deficiencies identified in the SAC, and provides sufficient legal and factual basis to proceed. Plaintiff respectfully requests that the Court grant the Motion (ECF 73), deny FINRA's opposition, and permit the TAC to become the operative pleading. FINRA seeks dismissal based not on facts, but on assumptions already contradicted by the record. That is not law—it is inertia. This is not a procedural sideshow. It is a $2.5 million loss inflicted by omissions, misstatements, and a manipulated float—enabled by insiders who cashed out while retail

investors were trapped. FINRA's invocation of immunity while evading the factual core of the halt underscores the very lack of accountability this suit was filed to expose.

Dated: August 4, 2025

/s/ Matthew J. Pease
Matthew J. Pease
Pro Se Plaintiff
1 Cobbler Lane
Amherst, NH 03031