IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

MATTHEW J. PEASE,

          Plaintiff,

v.

SECURITIES & EXCHANGE COMMISSION,
FINANCIAL INDUSTRY REGULATORY
AUTHORITY, JOHN BRDA, GREGORY MCCABE,
NEXT BRIDGE HYDROCARBONS, INC.

          Defendants.

Case No.: 7:24-CV-00322-DC-RCG

**REPLY IN SUPPORT OF CORRECTED MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT, IN RESPONSE TO THE OPPOSITION OF DEFENDANTS JOHN BRDA AND GREGORY MCCABE**

**I. Introduction**

1. Plaintiff Matthew J. Pease, proceeding pro se, respectfully submits this Reply in Support of his Corrected Motion for Leave to File Third Amended Complaint (ECF 73) in response to Defendants John Brda and Gregory McCabe's Opposition (ECF 79). The TAC cures standing and scienter deficiencies with specific facts, rendering amendment non-futile and without prejudice. Plaintiff requests oral argument if helpful, balancing judicial economy with thoroughness.

2. Brda and McCabe's opposition assumes no qualifying purchase under §10(b), ignoring Plaintiff's TRCH acquisition and reliance on their public statements (ECF 79 at 2–3). The

1

       TAC adds those details, distinguishing this case from *Targgart v. Next Bridge Hydrocarbons, Inc.*, 2025 WL 1831509 (N.D. Tex. 2025), and also strengthens scienter. The TAC streamlines the SAC from 93 to 73 pages, consolidating and focusing its allegations. Defendants misstate the record and rely on a framing already contradicted by public filings.

3. The TAC cures the key deficiencies identified by Defendants, including standing, scienter, causation, immunity, and procedural clarity—each addressed in the sections that follow.

4. Standing. The SAC alleged a general loss (TAC ¶ 15). The TAC enhances this by pleading Plaintiff's purchase of 5,000 TRCH shares in June 2021, based on Torchlight's public promotion of the Orogrande asset's value, buyer interest, and third-party reserve estimates (TAC ¶ 192). This acquisition occurred on NASDAQ, not via post-spin distribution, and qualifies under *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723 (1975), and *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435 (5th Cir. 1993).

5. Scienter. The SAC alleged irregularities (¶¶ 207–223). The TAC clarifies that McCabe sold 6.8 million shares for $52–58 million while both defendants continued to promote the Orogrande project despite known lease expirations and infrastructure issues (TAC ¶¶ 295–297). This timeline supports intent to mislead.

6. Withdrawn claims. Defendants argue Plaintiff reasserts abandoned theories. This is false. The TAC refines its claims and does not substantively reassert those withdrawn. References to Reg FD and negligent distress (TAC ¶¶ 217–221, 251–256) are included for completeness but do not form the basis of any count.

### II. THE TAC CURES STANDING AND IS NOT FUTILE

7. Brda and McCabe claim Plaintiff lacks §10(b) standing due to "retention" (ECF 79 at 2). That assertion is incorrect. Plaintiff acquired TRCH shares before the merger—not by corporate action or spinoff. These were publicly traded securities purchased in reliance on Defendants' promotion of asset value, market potential, and deal momentum.

8. Plaintiff purchased 5,000 shares of TRCH in June 2021, based on representations about Orogrande's commercial viability and third-party valuation. The $2,568,000 in canceled sell orders alleged at ¶15 of the TAC shows concrete loss causation. That harm is neither hypothetical nor derivative—it arises directly from the purchase and failed exit.

9. Rule 10b-5 is meant to prevent exactly this scenario: where insiders promote an asset, obscure material weaknesses, sell off their holdings, and trap retail investors with no exit. The TAC alleges a purchase, specific reliance, scienter, and measurable harm.

### III. NO UNDUE PREJUDICE

10. Brda and McCabe claim amendment would restart briefing or cause prejudice (ECF 79 at 3–4). But no discovery has occurred, and the changes in the TAC—targeted additions and clarifications—address prior deficiencies. Under *Smith v. EMC Corp.*, 393 F.3d 590 (5th Cir. 2004), leave to amend should be freely granted where the proposed amendment states a viable claim. Plaintiff, as a pro se litigant, is entitled to that opportunity.

### IV. CONCLUSION

11. The TAC cures the deficiencies identified in the opposition and prior motions. It states a valid claim under Rule 10b-5, supported by facts already known to Defendants and already in the public record. This is not a procedural distraction. It is a $2.5 million loss

inflicted through public misdirection, insider exit, and institutional disregard. The Court should allow the claims to proceed.

Dated: August 4, 2025

/s/ Matthew J. Pease
Matthew J. Pease
Pro Se Plaintiff
1 Cobbler Lane
Amherst, NH 03031