**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| MATTHEW J. PEASE,<br><br>Plaintiff,<br><br>v.<br><br>SECURITIES & EXCHANGE COMMISSION, FINANCIAL INDUSTRY REGULATORY AUTHORITY, JOHN BRDA, GREGORY MCCABE, NEXT BRIDGE HYDROCARBONS, INC.<br><br>Defendants. | Case No.: 7:24-CV-00322-DC-RCG |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL EVIDENCE**
**IN SUPPORT OF THIRD AMENDED COMPLAINT**

**I. Introduction and Procedural Context**

1. Plaintiff Matthew J. Pease, proceeding pro se, respectfully submits this Notice of Supplemental Evidence pursuant to Local Rule CV-7(f) to apprise the Court of newly obtained communications from Defendant Gregory McCabe, Chairman and Chief Executive Officer of Defendant Next Bridge Hydrocarbons, Inc. ("NBH").

2. These communications, which came to Plaintiff's attention in recent days (August 2025), directly corroborate the Third Amended Complaint's ("TAC") allegations that NBH leadership, including McCabe, engages in a pattern of refusing to provide required

1

information to shareholders, treating lawful corporate-governance inquiries as adversarial, and concealing material information from the investing public.

3. Defendants have argued in their motions to dismiss that Plaintiff's allegations of concealment, obstruction, and bad-faith governance are "speculative" or unsupported. The attached emails from McCabe are party admissions under Fed. R. Evid. 801(d)(2) and directly demonstrate the plausibility of those allegations.

## II. Summary of New Evidence

4. On or about August 11, 2025, NBH shareholder Jennifer Vetrano submitted a books-and-records request to McCabe pursuant to Texas Business Organizations Code § 21.218 and Nevada Revised Statutes § 78.257.

5. This was her second such request, following an earlier demand in November 2024, and sought access to corporate records and governance updates in order to evaluate corporate governance, investigate potential breaches of fiduciary duty, and ensure shareholder transparency.

6. In response, McCabe attempted to forward Vetrano's request to his legal counsel at DLA Piper (Jason Hopkins and Jason Lewis) but mistakenly used "Reply All," sending his message directly to Vetrano.

7. McCabe's inadvertently disclosed email stated:

    *"Jason and Jason, This appears to be part of the continued harassment campaign against the company in an effort to bankrupt us. I ignored it last time. Do you think I need to respond to this one? Also, our PR firm has received the same letter from Traudt and his crew. I was going to ignore it as well. Please let me know your thoughts. — Greg."*

8. Approximately twenty minutes later, McCabe sent a follow-up message stating:

2

> *"All, Please disregard and delete the email I inadvertently sent less than twenty minutes ago. Thank you, Greg."*

9. These statements, made in McCabe's capacity as CEO and directed to legal counsel, characterize lawful shareholder inspection requests as a "continued harassment campaign" and confirm his intent to disregard such requests—while also attempting to suppress his own communication.

### III. Relevance to the TAC and Current Proceedings

10. The TAC alleges that NBH leadership, including McCabe, engages in deliberate obstruction of shareholder rights and corporate transparency, including repeated concealment of material facts and failure to respond to lawful shareholder demands for information (see TAC ¶¶ 145–160).

11. McCabe's contemporaneous statements corroborate these allegations by: (a) demonstrating bad faith in responding to inspection rights granted by Texas and Nevada law; (b) adopting an obstructive posture toward shareholders seeking accountability; and (c) confirming a repeated refusal to provide corporate records.

12. This disregard for inspection rights reflects a continuing pattern of deliberate concealment consistent with the TAC's allegations of information suppression leading up to and following the December 9, 2022 halt.

13. The tone and content of the emails further support the TAC's allegations that NBH leadership treats shareholder oversight as adversarial rather than lawful or constructive.

14. Because these are McCabe's own words, they are admissible as party admissions under Fed. R. Evid. 801(d)(2) and require no further authentication for consideration at this stage.

15. Plaintiff understands federal enforcement personnel have also received these communications from other NBH shareholders. While the significance of that request is not submitted for the truth of any enforcement action, it underscores the seriousness and materiality of these statements and confirms that concern over McCabe's conduct extends beyond this litigation.

16. Plaintiff further notes that the shareholder requests and related correspondence referenced above are already before this Court in Vetrano v. Next Bridge Hydrocarbons, Inc., No. 7:24-CV-325 (W.D. Tex., Midland-Odessa Division). See ECF No. 63-2 (Exhibit A, November 18, 2024 request), ECF No. 63-3 (Exhibit B, August 10, 2025 request), and ECF No. 63-4 (Exhibit C, NBH 2024 year-end update). Plaintiff attaches here as Exhibit A the entirety of Vetrano's Exhibit D (ECF No. 63-5), which includes the McCabe "Reply All" email, his follow-up deletion request, and related shareholder correspondence, while respectfully directing the Court to the Vetrano docket for Exhibits A–C in order to avoid duplicative filing.

## IV. <u>Argument</u>

17. This newly obtained evidence is relevant under Twombly and Iqbal because it materially strengthens the plausibility of Plaintiff's allegations of concealment, obstruction, and coordinated bad-faith conduct by NBH's leadership.

18. The McCabe emails show not only a disregard for statutory rights, but also a calculated effort to frustrate legitimate shareholder oversight by labeling lawful inquiries as harassment and by seeking to suppress his own communications, including expressly instructing recipients to delete the email—conduct consistent with the broader pattern of deliberate concealment alleged in the TAC.

19. These statements further support allegations of information withholding and lack of transparency, including those surrounding the December 9, 2022 trading halt.

20. Defendants seek dismissal on grounds that Plaintiff's claims are conclusory and speculative. These documentary admissions by NBH's CEO are highly probative, directly rebutting Defendants' assertions and supporting the credibility and factual basis of Plaintiff's allegations.

## V. Judicial Notice and Consideration at Rule 12(b)(6)

21. Because the communications were authored by Defendant McCabe and fall within Fed. R. Evid. 801(d)(2), they are not hearsay. Plaintiff respectfully requests that the Court consider them for the limited purpose of evaluating plausibility under Rule 12(b)(6).

22. In the alternative, Plaintiff requests that the Court take judicial notice of the existence and timing of these emails—as reflected on their face—without reaching the truth of any disputed matter asserted therein. See Fed. R. Evid. 201(b)(2).

## VI. Conclusion

23. Plaintiff respectfully requests that the Court consider this supplemental evidence in ruling on Defendants' pending motions to dismiss. The newly obtained statements from McCabe provide direct corroboration of the TAC's allegations and reinforce the factual sufficiency of Plaintiff's claims.

**Attachments**

Exhibit A: Vetrano Exhibit D (Case No. 7:24-CV-325, ECF No. 63-5), consisting of the shareholder correspondence and McCabe emails (including the misdirected "Reply All" and follow-up deletion request), attached here in full, with visible from/to/date/time metadata.

Dated: August 24, 2025

/s/ Matthew J. Pease
Matthew J. Pease
Pro Se Plaintiff
1 Cobbler Lane
Amherst, NH 03031

Case 7:24-cv-00322-DC-RCG   Document 84   Filed 08/24/25   Page 6 of 6