IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

MATTHEW J. PEASE,

          Plaintiff,

 v.

SECURITIES & EXCHANGE COMMISSION,
FINANCIAL INDUSTRY REGULATORY
AUTHORITY, JOHN BRDA, GREGORY MCCABE,
NEXT BRIDGE HYDROCARBONS, INC.

         Defendants.

Case No.: 7:24-CV-00322-DC-RCG

**Plaintiff's Response to FINRA's Objection to Notice of Supplemental Evidence**

Plaintiff Matthew J. Pease respectfully submits this Response to Defendant FINRA's Objection (ECF 85):

The Notice Is Not a Sur-Reply

1. FINRA mischaracterizes Plaintiff's Notice of Supplemental Evidence (ECF 84) as an improper "sur-reply." The filing did not raise new legal arguments or attempt to re-brief the issues. It simply placed before the Court a contemporaneous admission by Defendant McCabe that came to Plaintiff's attention after briefing. Courts routinely permit

1

supplemental submissions of newly-available evidence where they bear directly on plausibility at the pleadings stage.[1]

The McCabe Email Is a Party Admission, Not Hearsay

2. FINRA asserts the email is "unauthenticated, irrelevant, inadmissible hearsay." That is incorrect. Under Fed. R. Evid. 801(d)(2), a statement offered against an opposing party that was made by the party is not hearsay. The McCabe email is a direct communication authored by Defendant McCabe, circulated to multiple recipients, and filed in other judicial proceedings. Authentication is self-evident from the document's provenance and contents. At a minimum, the Court may consider it for the fact and timing of its circulation, which bears directly on scienter and market-structure allegations.

Judicial Notice Reinforces Consideration

3. Even apart from Rule 801(d)(2), courts may take judicial notice of the existence and timing of materials filed in other proceedings. Fed. R. Evid. 201. The Fifth Circuit has long recognized this authority, holding that courts may notice matters of public record at the Rule 12 stage and that filings from related litigation may be considered without conversion. Thus, the McCabe email is properly before this Court whether viewed as a party admission or as a noticed fact of prior proceedings.

---

[1] *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011); *United States v. Reed*, 908 F.3d 102, 120 (5th Cir. 2018).

Relevance at the Rule 12 Stage

4. At the motion-to-dismiss stage, the Court is not conducting a trial-level admissibility inquiry but determining plausibility. Party admissions and judicially noticeable records that illuminate Defendants' knowledge and conduct are plainly relevant to that standard. The McCabe email provides exactly that.

FINRA's Lack of Standing to Object

5. It is also unclear why FINRA, which is not implicated by Defendant McCabe's own email, has chosen to insert itself here. The Notice simply presented McCabe's statement for the Court's consideration. If FINRA believed the filing irrelevant to its position, it could have remained silent. Instead, by objecting, FINRA's eagerness to suppress evidence directed solely at another defendant speaks volumes. Rather than demonstrate irrelevance, the Objection highlights how damaging McCabe's own words are — not only to him, but to the regulatory narrative FINRA seeks to maintain. FINRA's attempt to police supplemental evidence goes beyond its proper role and only underscores why the Court should consider the email rather than exclude it.

No Prejudice to FINRA

6. The Notice does not expand the issues or impose additional briefing burdens. It simply ensures the Court has before it a critical party statement. Ignoring such evidence in the name of procedural formality would disserve Rule 1's mandate of just, speedy, and inexpensive determination.

Conclusion

7. FINRA's Objection should be overruled. The Court may and should consider Defendant McCabe's reply-all email as supplemental evidence relevant to the plausibility of Plaintiff's claims. This Court is entitled to consider Defendant McCabe's own words. FINRA's attempt to strike them is overreaching and should be rejected.

Dated: September 1, 2025

/s/ Matthew J. Pease
Matthew J. Pease
Pro Se Plaintiff
1 Cobbler Lane
Amherst, NH 03031