IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| MATTHEW J. PEASE,<br><br>Plaintiff,<br><br>v.<br><br>SECURITIES & EXCHANGE COMMISSION, FINANCIAL INDUSTRY REGULATORY AUTHORITY, DEPOSITORY TRUST & CLEARING CORPORATION, CHARLES SCHWAB & CO., INC., formerly TD AMERITRADE, GTS SECURITIES LLC, EQUINITI TRUST COMPANY, formerly AMERICAN STOCK TRANSFER & TRUST COMPANY, NEXT BRIDGE HYDROCARBONS, INC., JOHN BRDA, GREGORY MCCABE,<br><br>Defendants. | Case No.: 7:24-CV-00322-RCG-DC |

**DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S OPPOSITION TO PEASE'S NOTICE OF SUPPLEMENTAL EVIDENCE [ECF 87]**

FINRA submits this Opposition to Plaintiff Matthew J. Pease's Notice of Supplemental Evidence Regarding Next Bridge Hydrocarbon's Form 10-K/A [ECF No. 87] (the "Supplemental Notice").

1. Pease purports to proffer the Supplemental Notice pursuant to FRCP 15(d). However, Rule 15(d) requires a motion and reasonable notice, neither of which Pease provides. For this reason alone, the relief requested in the Supplemental Notice should be denied. Substantively, the relief requested by Pease should also be denied as improper, irrelevant, and vexatious.

2. The Supplemental Notice requests that the Court take judicial notice of a screenshot of the first page of Next Bridge Hydrocarbon Inc.'s ("NBH") Form 10-K/A filed September 16, 2025 [ECF No. 87-1]. The alleged significance of the Form 10-K/A excerpt is that it "underscores the ineffectiveness of [FINRA's] oversight and supports Plaintiff's claims that FINRA has failed in its statutory duties." Supplemental Notice ¶¶ 13-14. Thus, Pease appears to be submitting the Supplemental Notice as additional support for his opposition to FINRA's Motion to Dismiss [ECF Nos. 29 and 36].

3. But the NBH filing is wholly irrelevant to the question of whether Pease has alleged a claim against FINRA entitling him to relief. Since this action "is at the motion to dismiss phase . . . the Court is only considering whether Plaintiff has alleged sufficient facts—all of which are assumed to be true—in his Second Amended Complaint to state a claim for relief against each Defendant." *Willcot v. SEC,* Case 7:24-cv-00317-DC-RCG (W.D. Tex. Sept. 22, 2025) (ECF No. 142, at p. 4). Furthermore, "[r]esponses are not a mechanism to cure any deficiencies in Plaintiff's Second Amended Complaint." *Id*. No additional supplements, arguments, or amendments can overcome the dispositive legal defenses FINRA asserts in its Motion to Dismiss, to wit: regulatory immunity, the Court's lack of personal jurisdiction over FINRA, and Pease's lack of a private right of action.

4. Under the Local Rules' briefing schedule, Pease's repeated efforts to supplement his opposition to FINRA's fully briefed Motion to Dismiss [*see, e.g.,* ECF Nos. 42, 84, 87] are improper, irrelevant, and vexatious. As such, the Court should deny Pease's request to take judicial notice of the NBH filing referenced in the Supplemental Notice. Additionally, FINRA respectfully requests that the Court issue an order prohibiting Pease from continuing this pattern of filing of improper, unsupported, and vexatious filings.

Respectfully submitted,

*/s/ David C. Kent*

David C. Kent
State Bar No. 11316400
david.kent@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
2323 Ross Avenue, Suite 1700
Dallas, Texas 75201
(469) 357-2500
(469) 327-0860 (fax)
*Attorneys for Defendant*
*Financial Industry Regulatory Authority, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served on all *pro se* parties and counsel of record through the CM/ECF system on September 29, 2025.

*/s/ David C. Kent*
David C. Kent