UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| MATTHEW J. PEASE,  )<br>)<br>)<br>  Plaintiff,  )<br>)<br>  v.  )<br>)<br>)<br>SECURITIES AND EXCHANGE  )<br>COMMISSION, et al.  )<br>)<br>)<br>  Defendants.  )<br>_____)  | CASE NO. 7:24-cv-00322-DC-RCG |

**SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO PLAINTIFF'S
NOTICE OF SUPPLEMENTAL EVIDENCE**

Plaintiff filed a Notice of Supplemental Evidence regarding a recent Form 10-K/A filing by Defendant Next Bridge Hydrocarbons, Inc. ("NBH") ("Supplement"). ECF 87. Construing Plaintiff's "Notice" as a motion for leave to make a supplemental filing, Defendant Securities and Exchange Commission ("SEC" or "Commission") hereby opposes Plaintiff's motion.

Plaintiff argues that the Supplement is relevant because NBH's alleged failure to disclose the present lawsuit and similar lawsuits filed by other MMTLP investors in the 10-K/A filing "constitutes a false and misleading filing with the SEC." ECF 87 at 2. With respect to his claims against the SEC, Plaintiff contends that "[b]y permitting NBH's Form 10-K/A to stand on EDGAR despite its omission of this material federal litigation, the SEC has further demonstrated the regulatory abdication alleged in Plaintiff's complaint." *Id.* at 3.

Plaintiff's argument fails for three reasons. First, as this Court recently explained in a similar case where an MMTLP investor sought leave to file various supplements, the "evidence—and its truth or falsity—has nothing to do with whether a complaint is properly pleaded to survive a 12(b)(6) motion." *Willcot v. SEC*, 7:24-cv-00317-DC-RCG, ECF 142 at 3 (W.D. Tex. Sept. 22, 2025) (denying leave to file various supplements) (citation omitted), attached as Exhibit 1. Therefore, even if the new evidence bolstered Plaintiff's allegations in the Second Amended Complaint ("SAC") that the Commission abdicated its regulatory responsibilities, it would be irrelevant because the Court is "not yet at the 'truth-seeking' stage of litigation" and will already accept as true Plaintiff's factual allegations in the SAC when ruling on the defendants' motions to dismiss. *Id.* at 4.

Second, the Commission's motion to dismiss demonstrates that dismissal is warranted under Rule 12(b)(1) because the Court lacks subject-matter jurisdiction over Plaintiff's claims because (a) Plaintiff lacks standing to bring his claims because his alleged injuries were not

caused by the Commission and prevailing against the Commission would not redress his injuries, and (b) Plaintiff's claims are barred by sovereign immunity. ECF 35. The new factual allegations in the Supplement are irrelevant to the *legal* defenses raised in the Commission's motion to dismiss.

Third, Plaintiff's contention that the Commission's "permitting NBH's Form 10-K/A to stand on EDGAR" constitutes "regulatory abdication" is without merit. *See* ECF 87 at 3. Plaintiff does not point to any statute or regulation requiring the Commission to remove from EDGAR filings that contain a misrepresentation. In fact, the federal securities laws do not place any obligation on the Commission to remove from EDGAR forms that may contain incorrect information. The Commission also does not have an obligation to (and does not in fact) undertake the vast task of reviewing every form filed on EDGAR to determine if it is accurate. Thus, the Commission rarely removes a filing from EDGAR,[1] and that a company's filing remains on EDGAR in no way means that the Commission is vouching for the accuracy or adequacy of the disclosures made by the company in the filing. *See generally A.S. Goldmen & Co., Inc. v. N.J. Bur. of Sec.*, 163 F.3d 780, 783 n. 8 (3rd Cir. 1999) ("Registration with the SEC does not imply SEC approval of the offering."); *Malack v. BDO Seidman, LLP*, No. 08-0784, 2009 WL 2393933, at *12 (E.D. Pa. Aug. 3, 2009) ("the SEC does not endorse, or vouch for the veracity of, the documents submitted to it"); *Smith as Trustee for Boston Chicken v. Andersen*, No. 01-CV-0218, 2005 WL 8160701, at *2 (D. Ariz. March 24, 2005) ("the SEC does not verify the accuracy of registration statements and other public filings and that any action or inaction of the SEC does not mean that the SEC has passed on the merits of the securities or that the

---

[1] *See* https://www.sec.gov/submit-filings/filer-support-resources/how-do-i-guides/correct-or-delete-filing (explaining that "SEC staff do not generally correct errors in or delete filings from EDGAR").

disclosures are true and accurate").[2] Accordingly, even if Plaintiff is correct that NBH's Form 10-K/A contains misrepresentations, the presence of the form on EDGAR reveals nothing about whether the SEC has abdicated any duties.

## CONCLUSION

For the foregoing reasons, Plaintiff's should not be granted leave to file the Supplement.

Respectfully Submitted,

Date: September 29, 2025

/s/ Eric A. Reicher

Melinda Hardy*
D.C. Bar No. 431906
Eric A. Reicher*
D.C. Bar No. 490866
Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
(202) 551-7921 (phone) (Reicher)
hardym@sec.gov
reichere@sec.gov

Jason J. Rose
Texas Bar No. 24007946
Securities and Exchange Commission
801 Cherry Street, Suite 1900
Fort Worth, Texas 76102
(817) 978-1408 (phone)
(817) 978-4927 (facsimile)
rosej@sec.gov

Counsel for Defendant

* Admitted Pro Hac Vice

---

[2] *See also* https://www.investor.gov/introduction-investing/general-resources/news-alerts/alerts-bulletins/investor-bulletins/how-read#:~:text=The%20SEC%20does%20not%20vouch,companies'%C20compliance%C20with%20the%20requirements ("The SEC does not vouch for the accuracy of a 10-K or 10-Q").

3

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of September, 2025, I filed or caused to be filed the foregoing SEC Response to Plaintiff's Notice of Supplemental Evidence through the CM/ECF system which will provide service to Plaintiff since he has been granted permission to file electronically by the Court.

/s/ Eric A. Reicher
Eric A. Reicher
Special Trial Counsel
U.S. Securities and Exchange Commission