# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| CONTIQUE WILLCOT, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | MO:24-CV-00317-DC-RCG |
| | § | |
| SECURITIES & EXCHANGE | § | |
| COMISSION, FINANCIAL INDUSTRY | § | |
| REGULATORY AUTHORITY, | § | |
| DEPOSITORY TRUST & CLEARING | § | |
| CORPORATION, CHARLES SCHWAB & | § | |
| CO. INC., GTS SECURITIES LLC, | § | |
| EQUINITI TRUST COMPANY, NEXT | § | |
| BRIDGE HYDROCARBONS, INC., JOHN | § | |
| BRDA, GREGORY MCCABE, FIDELITY | § | |
| INVESTMENTS, and ARI RUBINSTEIN, | § | |
| *Defendants.* | § | |
| | § | |
| | § | |

## ORDER DENYING PLAINTIFF'S VARIOUS MOTIONS FOR LEAVE TO FILE SUPPLEMENTAL BRIEFS

BEFORE THE COURT are Plaintiff Contique Willcot's four Motions for Leave to File Supplemental Briefs. (Docs. 112, 120, 123, 140). This matter is before the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, Plaintiff's Motions for Leave to Supplement are **DENIED WITH PREJUDICE**. (Docs. 112, 120, 123, 140).

### I.    BACKGROUND

On June 12, 2025, Plaintiff filed his Second Amended Complaint against Defendants GTS Securities, LLC ("GTS"); Ari Rubinstein; Next Bridge Hydrocarbons, Inc. ("NBH"); John Brda; Gregory McCabe; the Securities & Exchange Commission ("SEC"), and Financial Industry Regulatory Authority ("FINRA"), amongst others. (Doc. 73). Subsequently, these

Defendants filed Motions to Dismiss Plaintiff's Second Amended Complaint. (Docs. 81, 83, 92, 93, 96). With extraordinary speed, Plaintiff filed Responses to each of these Motions. (Docs. 82, 87, 97, 98, 103). Plaintiff then filed a Motion for Leave to Supplement his Response to FINRA's Motion to Dismiss (Doc. 105), which the Court denied (Doc. 115). Plaintiff has now filed the four separate instant Motions to Supplement his Responses. (Docs. 112, 120, 123, 140).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"When considering a motion to dismiss under Rule 12(b)(6), the Court's review is limited to the complaint; any documents attached to the complaint; any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint; and matters subject to judicial notice under Federal Rule of Evidence 201." *Doe v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 653 F. Supp. 3d 359, 370 (S.D. Tex. 2023) (citing *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022); *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022)).

## III.    DISCUSSION

### A. Plaintiff's Motion to Supplement His Responses to Each of the Motions to Dismiss (Doc. 112)

In Plaintiff's first Motion, he seeks to supplement his Responses to each Motion to Dismiss filed in this case. (Doc. 112 at 1). Plaintiff explains that since filing his Responses, he has "obtained newly discovered evidence from a related case in this Court, Vetrano v. Brda et al., Case No. 7:24-CV-00325-DC-RCG (Vetrano Case), including incriminating emails from

2

Defendant Gregory McCabe admitting to ignoring shareholder records requests and instructing deletion of communications. This evidence directly bolsters Plaintiff's claims and demonstrates an imminent risk of evidence destruction, necessitating supplementation. . . ." *Id.* at 2. "The Court, however, is completely unconcerned with the evidence at this point in time. The evidence—and its truth or falsity—has nothing to do with whether a complaint is properly pleaded so as to survive a 12(b)(6) motion." *Muniz v. Medtronic, Inc.*, No. A-13-CA-451, 2014 WL 1236314, at *3 (W.D. Tex. Mar. 20, 2014).

Based on their Responses, Defendants—understandably so—seem to have different interpretations of what all Plaintiff is requesting in this Motion. Thus, the Court will cover its bases: To the extent Plaintiff is attempting to re-urge his currently pending Motion to Lift PSLRA Stay (Doc. 31) within this Motion, that request is **DENIED AS MOOT** (Doc. 112) and the Motion to Lift PSLRA Stay remains pending before the Court. To extent Plaintiff is seeking to file a Supplement or Sur-Reply to his Motion to Lift PSLRA, that request is **DENIED**. (Doc. 112). Finally, to the extent Plaintiff wants to file Supplements to his Responses to each pending Motion to Dismiss, that request is **DENIED**. (Doc. 112).

### B. Plaintiff's Motion to Supplement His Response to McCabe's and NBH's Motions to Dismiss (Doc. 120)

In his next Motion, Plaintiff seeks to supplement his Response to McCabe's Motion to Dismiss (Doc. 92) and NBH's Motion to Dismiss (Doc. 83). Plaintiff also apologizes for his numerous motions asking to file supplemental briefs.[1] But he still goes on to similarly explain that "new evidence continues to emerge that materially impacts the case," and "supplementation

---

1. Unfortunately, apologies do not make up for the use of judicial resources that has occurred combing through twenty-six filings related to improper requests to supplement. As Plaintiff stated himself, the Court's patience is running thin. (Doc. 129 at 3) ("With respect to the Court, I recognize that my enthusiasm for supplemental filings may
have tested the bounds of patience, potentially overburdening the proceedings.").

is timely and necessary to aid the Court's truth-seeking process." (Doc. 120 at 2). The Court will again reiterate it is not yet at the "truth-seeking" stage of litigation. Instead, the case is at the motion to dismiss phrase, meaning the Court is only considering whether Plaintiff has alleged sufficient facts—all of which are assumed to be true—in his Second Amended Complaint to state a claim for relief against each Defendant. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993) ("In a court's review of a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party."). Because it would not be proper for the Court to consider any such evidence in deciding Defendants' 12(b)(6) Motions, the Court **DENIES** Plaintiff's Motion to Supplement. (Doc. 120).

### C. Plaintiff's (Third) Motion to Supplement His Response to FINRA's Motion to Dismiss (Doc. 123)

Finally, Plaintiff files yet another Motion to Supplement His Response to FINRA's Motion to Dismiss. (Doc. 123). While Plaintiff seemingly attempts to include "new evidence" again, he also explains "[t]he proposed supplement cures any perceived deficiencies in pleading specificity, scienter, and causation under the PSLRA, while bolstering jurisdiction and defeating immunity claims." *Id*. at 3. Even if the Court were to allow Plaintiff to provide a supplemental brief, Responses are not a mechanism to cure any deficiencies in Plaintiff's Second Amended Complaint. Accordingly, the Court **DENIES** Plaintiff's request to supplement his Response to FINRA's Motion—for the third time. (Doc. 123).

### D. Plaintiff's Second Motion to Supplement His Responses to Each of the Motions to Dismiss (Doc. 140)

Before the Court even had a chance to rule on Plaintiff's first Motion to supplement each one of his Responses (Doc. 112), Plaintiff filed a second one (Doc. 140). Plaintiff, yet again, has

"newly discovered evidence" to substantiate his claims. *Id*. at 2. The Court has sufficiently addressed this issue. Accordingly, the Court **DENIES** Plaintiff's Second Motion to Supplement each of his Responses. (Doc. 140).

### IV.    CONCLUSION

Based on the foregoing discussion, the Court **DENIES WITH PREJUDICE** Plaintiff's Motions for Leave to File Supplemental Briefs. (Docs. 112, 120, 123, 140).

It is so **ORDERED**.

SIGNED this 22nd day of September, 2025.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE