IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| MATTHEW J. PEASE, § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | MO:24-CV-00322-DC-RCG |
| § | | |
| SECURITIES & EXCHANGE § | | |
| COMMISSION; FINANCIAL § | | |
| INDUSTRY REGULATORY § | | |
| AUTHORITY; JOHN BRDA; § | | |
| GREGORY MCCABE; and NEXT § | | |
| BRIDGE HYDROCARBONS, INC., § | | |
| *Defendants.* § | | |

## ORDER DENYING PLAINTIFF'S MOTION TO STAY

BEFORE THE COURT is Plaintiff Matthew J. Pease's ("Plaintiff") Opposed Motion for a Limited Stay of Proceedings Pending Related Developments in the Meta Materials Bankruptcy Case and *Traudt v. Gensler* ("Motion to Stay"). (Doc. 46).[1] This case is before the Court through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, Plaintiff's Motion to Stay is **DENIED**. (Doc. 46).

### I.   BACKGROUND

On December 6, 2024, Plaintiff filed this case alleging Defendants engaged in misconduct related to the December 2022 trading halt of Meta Materials, Inc. shares, causing significant financial harm to Plaintiff and other investors (Doc. 1). Plaintiff's claims include violations of securities laws, antitrust laws, and constitutional doctrines, centered on allegations of naked shorting, market manipulation, and collusion. *Id*. On June 2, 2025, Plaintiff filed the instant Motion to Stay. (Doc. 46). Plaintiff seeks to stay current litigation between the parties

---

1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

based on developments in the Meta Materials, Inc. bankruptcy case, Case No. 24-50792, and *Traudt v. Gensler*. *See id*. Plaintiff contends these developments are likely to produce evidence directly bearing on the issues raised in the Motions to Dismiss filed by Defendant Financial Industry Regulatory Authority, Inc. ("FINRA") and the Securities and Exchange Commission ("SEC"). *Id*.

On June 9, 2025, FINRA filed its Response in Opposition arguing, among other things, the Stay Motion is speculative and premature. (*See* Doc. 49). Accordingly, this matter is ready for disposition.

## II.     LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In seeking a discretionary stay, "[t]he moving party bears a 'heavy burden' to demonstrate that a stay is appropriate." *David v. Signal Intern., LLC*, 37 F. Supp. 3d 836, 840 (E.D. La. 2014).

In determining whether a stay is proper pending the outcome of a separate, independent case, courts weigh: (1) "the potentiality of another case having a dispositive effect on the case to be stayed"; (2) "the judicial economy to be saved by waiting on a dispositive decision"; (3) "the public welfare"; and (4) "the hardship/prejudice to the party opposing the stay, given its duration." *Schartel v. OneSource Tech., LLC*, No. 15-CV-1434, 2015 WL 74300056, at *1 (N.D. Ohio Nov. 17, 2015); *Childress v. DeSilva Auto. Servs., LLC*, No. CIV 20-0136, 2020 WL 3572909, at *3 (D.N.M. July 1, 2020).

### III. DISCUSSION

Plaintiff's Motion seeks to stay this entire proceeding, including all pending motions to dismiss, based on the possibility that discovery in other, independent court actions "may" or "could" yield evidence relevant to his claims. (Doc 46). But the power to stay proceedings is discretionary, and the moving party bears a heavy burden to demonstrate that a stay is warranted. *Landis*, 299 U.S. at 254; *Signal Intern., LLC*, 37 F. Supp. 3d at 840. Plaintiff has not carried that burden. First, evidence outside the pleadings is not typically considered in connection with Rule 12 motions. *C&C Inv. Props., L.L.C. v. Trustmark Nat'l Bank*, 838 F.3d 655, 660 (5th Cir. 2016) ("[A] Rule 12(b)(6) motion typically cannot rely on evidence outside the complaint."). Even if it were, the "developments" Plaintiff identifies are speculative, contingent on future events in separate litigation, and not shown to have any likely dispositive effect here. *Schartel*, 2015 WL 74300056, at *1. Plaintiff does not explain how any of the documents he hopes to someday receive would have any materiality to the issues raised in the Motions to Dismiss filed by FINRA and the SEC. Because Plaintiff relies on the mere possibility of evidence emerging elsewhere at some undefined future point, the Court finds the requested stay would not promote judicial economy and would prejudice Defendant by delaying resolution of this case without sufficient justification. Accordingly, the speculative and contingent nature of the purported developments fails to justify staying proceedings in this matter.

### IV. CONCLUSION

As explained above, the Court finds that Plaintiff has failed to carry his burden of showing the pertinent factors weigh in favor of granting a stay of proceedings pending

developments in the Meta Materials Bankruptcy Case and *Traudt v. Gensler*. Accordingly, Plaintiff's Motion to Stay is **DENIED**. (Doc. 46).

It is so **ORDERED**.

SIGNED this 6th day of October, 2025.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE