IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| MATTHEW J. PEASE,<br>　　*Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | MO:24-CV-00322-DC-RCG |
| SECURITIES & EXCHANGE<br>COMMISSION; FINANCIAL<br>INDUSTRY REGULATORY<br>AUTHORITY; JOHN BRDA;<br>GREGORY MCCABE; and NEXT<br>BRIDGE HYDROCARBONS, INC.;<br>　　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§ | |

## ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY AND GRANTING DEFENDANT FINRA'S MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY

BEFORE THE COURT is Plaintiff Matthew J. Pease's ("Plaintiff") Motion for Discovery related to Defendant Financial Industry Regulatory Authority, Inc.'s ("Defendant FINRA") Motion to Dismiss (Doc. 37) and Defendant FINRA's Motion for Protective Order Staying Discovery (Doc. 50).[1] This case is before the undersigned through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of the parties' respective briefs and the relevant case law, the Court **DENIES** Plaintiff's Motion for Discovery (Doc. 37) and **GRANTS** Defendant FINRA's Motion for Protective Order Staying Discovery (Doc. 50).

### I. BACKGROUND

Plaintiff filed his Original Complaint in this Court on December 6, 2024. (Doc. 1). Plaintiff amended his Complaint once as a matter of right and a second time with leave of Court.

---

1. All citations are to CM/ECF generated pagination unless otherwise noted.

(Docs. 3, 12). On April 30, 2025, Defendant FINRA filed its Motion to Dismiss, which was fully briefed as of May 20, 2025, and remains pending before the Court. (Doc. 29).

On May 14, 2025, Plaintiff filed a Motion for Discovery related to Defendant FINRA's Motion to Dismiss. (Doc. 37). In response, Defendant FINRA filed a Motion for Protective Order Staying Discovery, asking the Court to prevent Plaintiff from seeking any discovery from itself, other parties, or third parties until the Court rules on its Motion to Dismiss. (Doc. 50 at 2). In its Motion to Dismiss, Defendant FINRA asserts its regulatory immunity bars all claims asserted against it and the Court lacks personal jurisdiction over it, meaning the Court must stay discovery pending a decision on the merits. *Id.* at 2–4 (citing *Stollings v. Texas Tech Univ.*, No. 20-CV-250, 2021 WL 4171815, at *2 (N.D. Tex. Apr. 13, 2021) ("[T]he Fifth Circuit has explicitly held that a discovery stay is mandatory until the Court first finds that the pleadings assert facts which, if true, are sufficient to overcome the immunity defense") (citing *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994–95 (5th Cir. 1995))). Accordingly, the Court turns to whether a stay of discovery is warranted pending resolution of Defendant FINRA's Motion to Dismiss.

## II.   LEGAL STANDARD AND ANALYSIS

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order on a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Under Rule 26(c)'s "good cause" requirement, the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished

from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *U.S. v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). To determine whether a stay is appropriate, a court must balance the harm produced by the delay in discovery against the possibility the motion will be granted and eliminate the need for such discovery entirely. *Bickford v. Boerne Indep. Sch. Dist.*, No. 15-CV-1146, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016).

Defendant FINRA contends its regulatory immunity bars all claims asserted against it and the Court lacks personal jurisdiction over it, thus discovery should be stayed until these threshold issues are decided. (Doc. 50 at 3). The Supreme Court "has described immunity as a threshold question, to be resolved as early in the proceedings as possible." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (per curiam) (citing *Siegert v. Gilley*, 500 U.S. 226, 231–33 (1991)). The Fifth Circuit has stated "until resolution of the threshold question of the application of an immunity defense, discovery should not be allowed." *Nieto v. San Perlita Indep. Sch. Dist.*, 894 F.2d 174, 177 (5th Cir. 1990) (quotation omitted); *see Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 383 (5th Cir. 1987) (stating the district court acted properly in staying discovery pending resolution of issues of absolute, qualified, and sovereign immunity); *Carlisle v. Normand*, No. CV 16-3767, 2018 WL 3474715, at *4 (E.D. La. July 19, 2018) (granting motion to stay discovery pending resolution of motions to dismiss concerning defendant's sovereign, absolute, or qualified immunity); *LeClerc v. Webb*, No. CIV.A. 03-664, 2003 WL 21026709, at *7 (E.D. La. May 2, 2003) (granting motion to stay discovery based on immunity).

Consistent with this authority, the Court finds Defendant FINRA has shown good cause for a temporary stay of discovery. Defendant FINRA's Motion to Dismiss raises threshold jurisdictional and immunity questions that must be resolved before discovery proceeds. A limited

stay will therefore preserve the protections afforded by immunity doctrines and avoid unnecessary burden and expense should Defendant FINRA's defense prove dispositive.

### III.  CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's Motion for Discovery (Doc. 37) and **GRANTS** Defendant FINRA's Motion for Protective Order Staying Discovery (Doc. 50). It is **ORDERED** discovery as to Defendant FINRA is stayed and Plaintiff may not seek any discovery from or related to Defendant FINRA until the Court decides its pending Motion to Dismiss (Doc. 29).

It is so **ORDERED**.

SIGNED this 14th day of October, 2025.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE