IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| MATTHEW J. PEASE,<br>　*Plaintiff,* | § § § | |
| v. | § § | MO:24-CV-00322-DC-RCG |
| SECURITIES & EXCHANGE COMMISSION; FINANCIAL INDUSTRY REGULATORY AUTHORITY; JOHN BRDA; GREGORY MCCABE; and NEXT BRIDGE HYDROCARBONS, INC.,<br>　*Defendants.* | § § § § § § § § § | |

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

BEFORE THE COURT is Plaintiff Matthew J. Pease's ("Plaintiff") Motion for Leave to File Third Amended Complaint. (Doc. 73).[1] This case is before the Court through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, Plaintiff's Motion for Leave to Amend is **DENIED**. (Doc. 73).

### I.　BACKGROUND

On December 6, 2024, Plaintiff, a *pro se* litigant, filed his original Complaint alleging misconduct related to the December 2022 trading halt of Meta Materials, Inc. shares, causing significant financial harm to Plaintiff and other investors. (Doc. 1). Plaintiff's claims include violations of securities laws, antitrust laws, and constitutional doctrines, centered on allegations of naked shorting, market manipulation, and collusion. *Id*. Plaintiff timely filed his First Amended Complaint on December 27, 2024. (Doc. 3). Plaintiff filed his Motion for Leave to File Second Amended Complaint on February 7, 2025 (Doc. 8), which this Court granted on

---
1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

February 11, 2025 (Doc. 9). Plaintiff filed the instant motion on July 9, 2025. (Doc. 73). Plaintiff now seeks leave to file his Third Amended Complaint under Federal Rule of Civil Procedure 15(a)(2) in order to address the purported deficiencies raised in Defendants' Motions to Dismiss filed by the Securities & Exchange Commission ("SEC"), Financial Industry Regulatory Authority ("FINRA"), John Brda, and Gregory McCabe ("Defendants"). *Id.* Defendants each filed a Response in Opposition to the instant Motion contending, among other things, additional leave to amend would be futile, unduly prejudicial, and cause significant delay. (*See* Docs. 78, 79, 80). On April 4, 2025, Plaintiff replied to all three Defendants arguing his proposed Third Amended Complaint cures deficiencies, adds material allegations, and is not futile. (Docs. 81, 82, 83). Accordingly, this matter is ready for disposition.

## II.   LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure governs amendment of the pleadings before trial. Although the Court "should freely give leave when justice so requires," FED. R. CIV. P. 15(a)(2), leave to amend is not automatic. *N. Cypress Med. Center Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018). In deciding whether to grant leave under Rule 15(a), district courts consider the following five factors: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failures to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The decision to grant leave to amend lies in the sound discretion of the district court. *See Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). And although *pro se* plaintiffs are afforded some latitude, courts routinely deny them leave to amend when amendment would be futile. *See, e.g.*, *Bruning v. Attmore*, No. 19-CV-00060, 2020 WL

10227666, at *6 (W.D. Tex. Feb. 2, 2020); *Mapes v. Texas*, No. 18-CV-0170, 2018 WL 9786073, at *6 n.6 (W.D. Tex. Oct. 1, 2018); *Daniels v. Saucedo*, No. 21-CV-101, 2021 WL 6495244, at *4 (W.D. Tex. Nov. 17, 2021).

### III.  DISCUSSION

After weighing the abovementioned factors, the Court determines the balance disfavors granting Plaintiff further leave to amend. First, Plaintiff previously amended his complaint once as of right and a second time with leave of Court. (Doc. 9). His current request now comes after Defendants have filed motions to dismiss addressing that operative pleading. (Docs. 29, 35, 58, 59). Allowing Plaintiff to amend his Complaint for the third time would result in undue delay and prejudice by requiring another round of dispositive motions. The Court finds no indication Plaintiff's Motion was filed in bad faith or with a dilatory motive, so that factor is neutral. However, the Court granted Plaintiff's first request for leave to amend where Plaintiff claimed he "made substantial revisions to clarify claims, streamline[d] allegations, and strengthen[ed] legal arguments to comply with federal pleading standards." (Doc. 8). Moreover, although Plaintiff's proposed amendment seeks to "add more specific factual allegations" and "enhance," "clarify," and "strengthen" certain claims (Doc. 73 at 1–2), the Court finds the changes are largely incremental and would not serve a meaningful purpose given Plaintiff has already had an opportunity to amend. Considering all five factors, the Court concludes leave to amend is not warranted.

### IV.  CONCLUSION

3

As explained above, the Court finds the applicable factors weigh against affording Plaintiff further leave to amend. Accordingly, Plaintiff's Motion for Leave to File Third Amended Complaint is **DENIED**. (Doc. 73).

It is so **ORDERED**.

SIGNED this 14th day of October, 2025.

    RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE