IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| MATTHEW J. PEASE,<br>*Plaintiff*, | §<br>§<br>§ | |
| v. | §<br>§ | MO:24-CV-00322-DC-RCG |
| | § | |
| SECURITIES & EXCHANGE<br>COMMISSION; FINANCIAL<br>INDUSTRY REGULATORY<br>AUTHORITY; NEXT BRIDGE<br>HYDROCARBONS, INC.; JOHN<br>BRDA; and GREGORY MCCABE;<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Defendant John Brda and Gregory McCabe's Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. 58).[1] This case is before the undersigned through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of the Parties' briefs and the relevant case law, the Court **RECOMMENDS** John Brda and Gregory McCabe's Motion to Dismiss be **GRANTED**. (Doc. 58).

### I. BACKGROUND

Plaintiff Matthew J. Pease ("Plaintiff"), proceeding *pro se*, filed his Original Complaint in this Court on December 6, 2024. (Doc. 1). Plaintiff amended his Complaint once as a matter of right and a second time with leave of Court. (Docs. 3, 12). Plaintiff's Second Amended Complaint brings claims against five Defendants—Securities and Exchange Commission ("the Commission"); Financial Industry Regulatory Authority ("FINRA"); Next Bridge Hydrocarbons, Inc. ("NBH"); John Brda ("Brda"); and Gregory McCabe ("McCabe"). (Doc. 12).

---

1. All citations are to CM/ECF generated pagination unless otherwise noted.

The relevant factual allegations in Plaintiff's Second Amended Complaint are as follows. In June 2021, Torchlight Energy Resources, Inc. ("Torchlight") completed a reverse merger to form Meta Materials, Inc. *Id.* at 11. Brda was Torchlight's CEO up to its merger. *Id.* at 11. As part of the merger, Torchlight's oil and gas assets were spun off into a newly created private entity, Next Bridge Hydrocarbons, Inc. *Id.* McCabe is the CEO of NBH, and according to Plaintiff, played a central role in the actions that led to the creation of NBH, including the spin-off of Torchlight's oil and gas assets. *Id.* at 10. Shareholders were issued Non-Voting Series A Preferred Shares, designated as MMTLP, which were intended to represent private ownership in NBH. *Id.* at 10, 11. Plaintiff alleges the MMTLP shares were not intended to be tradeable. *Id*. at 12, 16.

Plaintiff alleges, beginning in October 2021, MMTLP shares nevertheless began trading on the over-the-counter ("OTC") market months before any formal authorization or compliance with regulatory requirements. *Id*. During this period, Plaintiff alleges Torchlight experienced unprecedented trading volumes, raising concerns regarding the creation of synthetic shares and naked short selling and laying the groundwork for systemic market manipulation. *Id.* at 13. Based on these events, Plaintiff questions whether corporate officers, including Brda and McCabe, intentionally structured the issuance of MMTLP shares in a manner that permitted unauthorized trading and created investor confusion, thereby inducing Plaintiff to "retain MMTLP shares under false pretenses." *Id.* at 13, 19, 32–33.

On December 9, 2022, FINRA halted trading of MMTLP shares, citing an "extraordinary event." *Id*. at 6. FINRA is a private, not-for-profit self-regulatory organization ("SRO") that is authorized by Congress to conduct daily regulation of the national securities markets, including the over-the-counter market, with oversight from the Commission. (*See* Doc. 29 at 9). FINRA is

a registered national securities association under the Securities Exchange Act. *See id.* at 12. Plaintiff alleges FINRA implemented a U3 trading halt without providing advance notice, thereby depriving investors of the opportunity to react or seek legal recourse. *Id.* at 30. According to Plaintiff, FINRA's U3 trading halt left tens of thousands of investors, including Plaintiff "unable to access their assets, reconcile their positions, or trade their shares." (Doc. 12 at 6). Later that month, MMTLP shares were exchanged on a one-to-one basis for shares of NBH, which is not publicly traded. *Id.* at 30. As a result, many shareholders have been unable to trade their NBH shares or recover the fair value of their investments. *Id.* at 8, 16, 30.

Plaintiff brings seven causes of action against Brda and McCabe: (1) violation of the Securities Exchange Act (15 U.S.C. § 78); (2) breach of fiduciary duty; (3) violation of the Sarbanes-Oxley Act; (4) violation of regulation FD; (5) fraudulent inducement and misrepresentation; (6) negligent or intentional infliction of emotional distress; and (7) conspiracy to commit fraud. *Id.* at 70–79. On June 16, 2025, Brda and McCabe filed a Rule 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. 58). Plaintiff and Brda and McCabe filed their respective Response and Reply. (Docs. 67, 69). Accordingly, this matter is ripe for disposition.

## II.    LEGAL STANDARD

### A.  Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bel Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

3

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155*, 681 F.3d 614, 617 (5th Cir. 2012)); *see Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery.") (internal quotation marks and citations omitted).

In a court's review of a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions."). "Although dismissal under [R]ule 12(b)(6) may be

4

appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint." *Kelly v. Nichamoff*, 868 F.3d 371, 374 (5th Cir. 2017).

### B. Rule 9(b)

Securities Exchange Act § 10(b) and Rule 10b-5 only provides a remedy for those victimized by securities fraud. "Fraud claims are subject to the heightened pleading standard of Rule 9(b), under which 'a party must state with particularity the circumstances constituting fraud.'" *Poe v. Bock*, No. EP-CV-17-00232, 2018 WL 4677901, at *2 (W.D. Tex. June 11, 2018) (quoting FED. R. CIV. P. 9(b)), *R. & R. adopted*, 2018 WL 4275839 (W.D. Tex. Sept. 7, 2018). The Fifth Circuit has interpreted this to mean a plaintiff "must specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). Stated differently, "[a] claim of fraud must allege the 'who, what, when, and where.'" *Big Thirst, Inc. v. Donoho*, 657 F. Supp. 3d 914, 924 (W.D. Tex. 2023) (quoting *Williams*, 112 F.3d at 178). Further, in securities fraud suits, the Private Securities Litigation Reform Act "reinforces the particularity requirements of Rule 9(b), requiring the plaintiffs to state not only the time, place, the identity of the speaker, and the content of the alleged misrepresentation, but also to explain why the challenged statement or omission is false or misleading. The PSLRA *also* requires that the complaint 'with respect to *each* act or omission alleged' to be false or misleading 'state with *particularity facts* giving rise to a *strong* inference that *the defendant* acted with the required state of mind.'" *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 362–63 (5th Cir. 2004) (emphasis in original) (quoting 15 U.S.C. § 78u-4(b)(2)(A)).

### III.    DISCUSSION

#### A.  Securities Exchange Act § 10(b) and Rule 10b-5

"Section 10(b) of the Securities Exchange Act of 1934 makes it unlawful for any person to use or employ, in connection with the purchase or sale of any security, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the SEC may prescribe." *Macquarie Infrastructure Corp. v. Moab Partners, L.P.*, 601 U.S. 257, 260 (2024) (internal quotations omitted). "Rule 10b–5 implements this prohibition and makes it unlawful for issuers of registered securities to 'make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.'" *Id*. (quoting 17 C.F.R. § 240.10b-5(b) (2022)). The Supreme Court has interpreted Section 10(b) to provide a right of action to purchasers or sellers of securities injured by its violation. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 318 (2007). "But the statutes make these latter actions available, not to provide investors with broad insurance against market losses, but to protect them against those economic losses that misrepresentations actually cause." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 345 (2005).

##### i.    Statutory Standing

In their Motion to Dismiss, Brda and McCabe first argue Plaintiff failed to establish statutory standing for his § 10(b) and Rule 10b-5 claim. (Doc. 58 at 10). Brda and McCabe argue Plaintiff is a mere holder of MMTLP securities and has not purchased or sold his shares as it

relates to their conduct, which negates his standing to bring this claim. *Id*. at 10–11. In his Response, Plaintiff argues he has statutory standing because he purchased MMTLP and relied on Brda and McCabe's portrayal of the Orogrande basin as a high-value oil asset and that Brda and McCabe "misrepresent[ed] key facts about MMTLP shares and the transitions to [NBH]." (Docs. 12 at 9, 17, 71; 67 at 3). The Court agrees, in part, with Plaintiff here.

The Supreme Court has held that a plaintiff may only bring a private damage action under § 10(b) and Rule 10b-5 as an actual purchaser or seller of securities, as opposed to a mere holder. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 730 (1975); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 79 (2006) (explaining the Court treats this as a statutory standing requirement). One justification for this is that "a putative plaintiff, who neither purchases nor sells securities but sues instead for intangible economic injury such as loss of a noncontractual opportunity to buy or sell, is more likely to be seeking a largely conjectural and speculative recovery in which the number of shares involved will depend on the plaintiff's subjective hypothesis." *Blue Chip Stamps*, 421 U.S. at 734. The Court further reasoned that a contract to purchase or sell a security can be voidable under § 10(b) at the option of the deceived party, but this principle is absent if there is no actual purchase or sale of securities. *Id*. at 735.

Brda and McCabe contend that "[b]ecause Plaintiff fails to allege the purchase or sale of MMTLP as a result of any alleged conduct on the part of Brda or McCabe, he fails to establish the predicate for statutory standing." (Doc. 58 at 11). To the extent Plaintiff relies on deciding to retain his shares based on Brda and McCabe's conduct or on the exchange of shares following the spin- NBH spin-off to establish standing, these do not constitute purchases or sales of securities. *Blue Chip Stamps*, 421 U.S. at 730; *Targgart v. Next Bridge Hydrocarbons*, 790 F. Supp. 3d 520, 525 (N.D. Tex. 2025) (finding that "receiving shares in a distribution does not

7

confer standing"). But Plaintiff does state he purchased MMTLP securities which satisfies the purchaser-seller requirement to have standing. (Doc. 12 at 9). If the Court reads the Complaint in the light most favorable to Plaintiff, which it must, Plaintiff alleges that prior to purchasing his shares, MMTLP was subject to unauthorized trading activity based on Brda and McCabe's actions and representations. *Id.* at 11, 12, 16. Plaintiff expounds that Brda and McCabe's "actions and representations" regarding assets and shares are central to the harm he suffered. *Id.* at 11, 17. While, as discussed below, this is insufficient to state a claim under § 10(b) and Rule 10b-5, the Court finds Plaintiff has alleged just enough to have statutory standing to bring such a claim against Brda and McCabe.

Accordingly, the Court **RECOMMENDS** Brda and McCabe's Motion to Dismiss as to Plaintiff's claim for violation of the Securities Exchange Act § 10(b) and Rule 10b-5 be **DENIED** (Doc. 58) for lack of standing.

### ii.    Failure to State a Claim

Even though Plaintiff established statutory standing against Brda and McCabe as to his § 10(b) and Rule 10b-5 claim, he did not sufficiently plead a claim against them. "To state a claim under § 10(b) of the Securities Exchange Act and SEC Rule 10b-5, a plaintiff must allege: (1) a material misrepresentation or omission;[2] (2) scienter (a 'wrongful state of mind'); (3) a connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) a 'causal connection between the material misrepresentation and the loss.'" *Mun. Emps.' Ret. Syst. of Mich. v. Pier 1 Imports, Inc.*, 935 F.3d 424, 429 (5th Cir. 2019) (quoting *Dura Pharm.*, 544

---

2. "Section 10(b), in proscribing the use of a 'manipulative or deceptive device or contrivance,' prohibits not only material misstatements but also manipulative acts." *ASTI Comms., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d. Cir. 2007). "Market manipulation requires a plaintiff to allege (1) manipulative acts; (2) damage (3) caused by reliance on an assumption of an efficient market free of manipulation; (4) scienter; (5) in connection with the purchase or sale of securities; (6) furthered by the defendant's use of the mails or any facility of a national securities exchange." *Id.* at 101. To the extent Plaintiff attempts to plead this theory in his Complaint, he is equally unable to meet the elements.

8

U.S. at 341–42). In pleading scienter, Plaintiff must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Id*. (citing 15 U.S.C. § 78u-4(b)(2)(a)).

Plaintiff fails to allege factual allegations to meet most, if not all, of the elements. To start, Plaintiff's allegation of a material misrepresentation is entirely too conclusory. Plaintiff repeats throughout his Complaint that Brda and McCabe made misrepresentations regarding Torchlight's asset valuations and MMTLP's purpose, which induced investor reliance. (Doc. 12 at 9, 12, 17, 32, 54, 71). This would not suffice a normal pleading standard, let alone the heightened pleading that is required here. Plaintiff also states Brda and McCabe's statements regarding the "probable reserve . . . of oil at the Orogrande site . . . inferred great expectations regarding NBH's financial prospects" and (2) they "repeatedly made misleading statements regarding the Orogrande Basin." *Id.* at 12, 18. As for the first statement, Plaintiff's allegation is entirely too conclusory and fails to even allege such conduct constitutes a misrepresentation. Looking at the second statement, Plaintiff still makes no attempt to explain what the misrepresentations were that Brda and McCabe made, aside from the conclusory allegation that they were "based on speculative internal assessments." *Id.* at 18. Plaintiff also does not establish how he relied on the statements, what the casual connection is between the alleged misrepresentations and his purchase of securities, or what his economic damages are.

Further, the Complaint alleges nothing to establish a strong inference that Brda or McCabe intended to "deceive, manipulate, or defraud" Plaintiff. *Tellabs*, 551 U.S. at 319 ("To establish liability under § 10(b) and Rule 10b–5, a private plaintiff must prove that the defendant acted with scienter, a mental state embracing intent to deceive, manipulate, or defraud."). In his Response, Plaintiff only points to Exhibits that he never attempts to tie to the allegations in his

9

Complaint. For instance, Plaintiff states "Brda's prior SEC litigation for market manipulation" establishes a strong inference of scienter. (Doc. 67 at 4). But the Court "will not consider fact allegations from a separate case," so Plaintiff fails to plead this element as well. *Croix v. Provident Tr. Grp.*, No. 19-CV-102, 2019 WL 6716066, at *3 (W.D. Tex. Dec. 9, 2019); *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007) ("A court may take judicial notice of 'a document filed in another court . . . to establish the fact of such litigation and related filings,' but generally cannot take notice of the findings of fact from other proceedings.").

Accordingly, the Court **RECOMMENDS** Brda and McCabe's Motion to Dismiss as to Plaintiff's claim for violation of the Securities Exchange Act § 10(b) and Rule 10b-5 be **GRANTED** (Doc. 58) for failure to state a claim, and this claim should be **DISMISSED WITH PREJUDICE.**

### B. Breach of Fiduciary Duty

In his Complaint, Plaintiff asserts a claim for breach of fiduciary duty against Brda and McCabe. (Doc. 12 at 72). As a preliminary matter, a federal court applying state law generally applies the choice-of-law rules of the forum state. *Fintech Fund, F.L.P. v. Horne*, 836 F. App'x 215, 223 (5th Cir. 2020). Because the forum state is Texas, Texas choice-of-law rules apply. Texas, like most other states, follows the "internal affairs doctrine." *Hollis v. Hill*, 232 F.3d 460, 465 (5th Cir. 2000). Under that doctrine, the internal affairs of the foreign corporation—including the rights, powers, and duties of its board of directors and shareholders and matters relating to its shares—are governed by the law of the state of incorporation. *Id.* Here, both Torchlight and NBH are incorporated in Nevada. (Doc. 12 at 10). Accordingly, Nevada law governs Plaintiff's breach of fiduciary duty claim.

Under Nevada law, to prevail on a breach of fiduciary duty claim, the plaintiff must establish: "(1) the existence of a fiduciary duty; (2) breach of that duty; and (3) the breach proximately caused the damages." *Streeter v. Izadi*, No. 18-CV-01916, 2021 WL 4301480, at *3 (D. Nev. Sept. 21, 2021) (citing *Klein v. Freedom Strategic Partners, LLC*, 595 F. Supp. 2d 1152, 1162 (D. Nev. 2009)). Nevada Revised Statutes § 78.138(3) further provides "[a] director or officer is not individually liable for damages as a result of an act or failure to act in his or her capacity as a director or officer except under circumstances described in subsection 7." *Streeter*, 2021 WL 4301480, at *3. Subsection 7 requires a two-step analysis to impose individual liability on a director or officer. *Id.* at *3; NEV. REV. STAT. § 78.138(7). First, the presumption of the business judgment rule, codified in § 78.138, must be rebutted. *Streeter*, 2021 WL 4301480, at *3; *see Rowe v. Doris*, No. 24-CV-00489, 2025 WL 963590, at *4 (S.D. Tex. Mar. 31, 2025). The business judgment rule states that "directors and officers, in deciding upon matters of business, are presumed to act in good faith, on an informed basis and with a view to the interests of the corporation." *Streeter*, 2021 WL 4301480, at *3 (citing NEV. REV. STAT. § 78.138(3)). Second, the "director's or officer's act or failure to act" must constitute "a breach of his or her fiduciary duties," and that breach must further involve "intentional misconduct, fraud or a knowing violation of law." *Id.* (citing NEV. REV. STAT. 78.138(7)(b)(1)–(2)). To rebut the presumption that the business judgment rule affords, a plaintiff must allege conduct where the fiduciary intentionally acts with a purpose other than that of advancing the best interests of the corporation, where the fiduciary acts with the intent to violate applicable positive law, or where the fiduciary intentionally fails to act in the face of a known duty to act, demonstrating a conscious disregard for his duties." *Oswald on Behalf of Identiv Inc. v. Humphreys*, 806 F. App'x 577, 580 (9th Cir. 2020).

11

Here, the Court finds Plaintiff fails to allege facts sufficient to satisfy the requirements of § 78.138(7). As an initial matter, under Nevada law, the general rule is that "a corporate director or officer owes fiduciary duties to the corporation, not the shareholders . . . ." *Gaines v. Keasberry*, No. 22-CV-01206, 2023 WL 4761633, at *10 n.7 (D. Nev. July 25, 2023) (quoting *Parametric Sound Corp. v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark*, 401 P.3d 1100, 1105 n.10 (Nev. 2017) (*en banc*)). Although Plaintiff alleges Brda and McCabe "owed fiduciary duties to shareholders" (Doc. 12 at 72), he cites no legal authority establishing that either defendant owed a fiduciary duty directly to Plaintiff.

Even assuming the existence of a fiduciary duty, Plaintiff also fails to rebut the presumption of the business judgment rule. *Streeter*, 2021 WL 4301480, at *3. Plaintiff alleges Brda and McCabe made ambiguous statements regarding MMTLP shares and the transition to NBH, encouraged investors to hold their shares, deprived shareholders of accurate market information, and failed to advocate for shareholder protections. (Doc. 12 at 8, 17, 32, 73). However, Plaintiff's own allegations acknowledge that, in their public filings, Brda and McCabe disclosed debt, liquidity constraints, and operational challenges. (Doc. 12 at 14). Allegations that such disclosures did not fully inform investors of every potential consequence does not plausibly establish intentional misconduct, fraud, or a knowing violation of law as required by § 78.138(7). *See Geraci v. Vinson*, No. 19-CV-01038, 2020 WL 2840239, at *2 (D. Nev. June 1, 2020) (dismissing breach of fiduciary duty claim because the plaintiff's allegations failed to "establish that the director or officer had knowledge that the alleged conduct was wrongful"). At most, Plaintiff pleads dissatisfaction with the scope or emphasis of corporate disclosures and with decision making by two former Torchlight directors, which is insufficient to overcome the strong presumption of good faith afforded by the business judgment rule. Plaintiff therefore fails to

rebut the business judgment rule and fails to state a claim for breach of fiduciary duty under Nevada law. *See Rowe*, 2025 WL 963590, at *7 (S.D. Tex. Mar. 31, 2025) (dismissing fiduciary duty claim with prejudice under Nevada law where the plaintiff failed to rebut the business judgment rule).

Accordingly, the Court **RECOMMENDS** Brda and McCabe's Motion to Dismiss as to Plaintiff's claim for breach of fiduciary duty **GRANTED** (Doc. 58) for failure to state a claim, and this claim should be **DISMISSED WITH PREJUDICE.**

### C.  Sarbanes-Oxley Act

In its Motion to Dismiss, Brda and McCabe argue Plaintiff has failed to state a claim under the Sarbanes-Oxley Act ("SOX"), 15 U.S.C. § 7201 *et seq*. (Doc. 58 at 15). Plaintiff does not identify a specific statutory provision, but his repeated allegations that Defendants "fail[ed] to maintain accurate records" and "provide full and accurate financial disclosures" (Doc. 12 at 73), suggest he is asserting a claim under 15 U.S.C. § 7241. That section requires the Chief Executive and Chief Financial Officer of every registered and publicly traded company to certify annually the general effectiveness of the company's internal controls and procedures. 15 U.S.C. § 7241(a); *Hall v. The Children's Place Retail Stores, Inc.*, 580 F. Supp. 2d 212, 231 (S.D.N.Y. 2008). Importantly, however, "there is no private right of action under those sections of SOX that deal with the statute's reporting requirements." *Walzer v. UAL Corp.*, No. 05 CIV. 0581, 2008 WL 87944, at *2 (S.D.N.Y. Jan. 2, 2008), *aff'd*, 351 F. App'x 551 (2d Cir. 2009); *see In re BISYS Group Inc. Derivative Action*, 396 F. Supp. 2d 463 (S.D.N.Y. 2005). The statutory rights of action SOX *does* create—relating to insider trading by frozen pension plans, 15 U.S.C. § 7244(a)(2)(B), and retaliation against corporate whistleblowers, 18 U.S.C. § 1514A(b)—are unrelated to the allegations pleaded by Plaintiff. *See Li v. Ali Baba Grp. Holding Ltd.*, No. 19-

CV-11629 (VSB), 2021 WL 4084574, at *4 (S.D.N.Y. Sept. 7, 2021). Because Plaintiff's allegations fall outside the limited circumstances in which Congress authorized a private cause of action under SOX, his claims fail as a matter of law. *See Cohen v. Viray*, 622 F.3d 188, 194 (2d Cir. 2010) (holding no basis to infer a right of action under SOX other than those that expressly "do provide a private cause of action").

Accordingly, the Court **RECOMMENDS** Brda and McCabe's Motion to Dismiss as to Plaintiff's claim for violation of Sarbanes-Oxley Act be **GRANTED** (Doc. 58), and this claim should be **DISMISSED WITH PREJUDICE**.

### D.  Regulation FD

Plaintiff next alleges Brda and McCabe violated Regulation FD, 17 C.F.R. § 243.100 *et seq*., by "selectively providing material information to certain parties while withholding key disclosures from retail investors." (Doc. 12 at 74). In general terms, Regulation FD prohibits a company and its senior officials from privately disclosing any material nonpublic information regarding the company or its securities to certain persons such as analysts and institutional investors. *SEC v. Siebel Sys., Inc.*, 384 F. Supp. 2d 694, 696 (S.D.N.Y. 2005). However, it is well established that Regulation FD does not create a private cause of action and is instead enforceable exclusively by the SEC. *See Final Rule: Selective Disclosure and Insider Trading*, 65 Fed. Reg. 51716, 51718 (August 24, 2000) (stating that Regulation FD "would not provide a basis for private liability"); *Id.* at 51726 ("[P]rivate plaintiffs cannot rely on an issuer's violation of Regulation FD as a basis for a private action alleging Rule 10b-5 violations."). Indeed, Plaintiff himself concedes this point, acknowledging that Regulation FD does not provide a private right of action. (Doc. 66 at 4). In the absence of a private right of action, Plaintiff cannot maintain a claim for violation of Regulation FD as a matter of law.

Accordingly, the Court **RECOMMENDS** Brda and McCabe's Motion to Dismiss as to Plaintiff's claim for violation of Regulation FD be **GRANTED** (Doc. 58), and this claim be **DISMISSED WITH PREJUDICE**.

### E.  Fraudulent Inducement and Misrepresentation

Plaintiff next brings a cause of action for fraudulent misrepresentation and inducement against Brda and McCabe. (Doc. 12 at 77). Texas law recognizes two types of common-law fraud: (1) simple fraud, or fraudulent misrepresentation, and (2) fraudulent inducement. *Speedway Loans, Inc. v. Hassan*, No. 21-CV-575, 2022 WL 3567180, at *8 (E.D. Tex. Aug. 18, 2022) (citing *Bates Energy Oil & Gas v. Complete Oilfield Servs.*, 361 F.Supp.3d 633, 660 (W.D. Tex. 2019)). The elements of fraudulent misrepresentation are: (1) a material misrepresentation; (2) that is false; (3) made with knowledge of its falsity or recklessness as to its truth; (4) made with the intent that it should be acted upon by another party; (5) relied upon by the other party; and (6) causing injury.  *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 212 (5th Cir. 2009).

Fraudulent inducement "shares the same elements [as fraudulent misrepresentation] but involves a promise of future performance made with no intention of performing at the time it was made." *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015). Thus, to prevail in a fraudulent inducement claim, the plaintiff must not only establish all the elements of a fraud claim but must establish those elements "as they relate to an agreement between the parties." *Haase v. Glazner*, 62 S.W.3d 795, 798–99 (Tex. 2001). Consistent with this requirement, the Supreme Court of Texas has held "fraudulent inducement arises only in the context of a contract." *See Anderson v. Durant*, 550 S.W.3d 605, 614 (Tex. 2018); *Zaidi*, 502 S.W.3d at 441 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) ("Because a contract between the parties is

15

an element of a fraudulent inducement claim, the absence of a contract renders fraudulent inducement an invalid theory of liability.").

Here, Plaintiff's fraudulent misrepresentation and inducement claim is based on the same alleged facts as his Section 10(b) claims and therefore fails to satisfy Rule 9(b)'s heightened pleading requirements. (*See* Doc. 12 at 77). As discussed above, Plaintiff's allegation that Brda and McCabe "knowingly made false statements" is wholly conclusory and devoid of supporting factual detail. *Id.* And even if Plaintiff's fraudulent inducement and misrepresentation claim was not premised on the same alleged facts as the Section 10(b) claims, it would still independently fail under Rule 9(b). Plaintiff's allegations regarding Brda and McCabe's purported misrepresentations are uniformly conclusory. (*See* Doc. 12 at 9, 12, 17, 32, 54, 71). Plaintiff does not allege facts identifying any specific representation that the statements were false when made, nor does he explain why any statement was fraudulent at the time it was issued. Plaintiff's repeated assertions that Defendants "knowingly made false statements and omissions," "made misleading statements," or "misrepresented the basin's value" (*See, e.g.*, Doc. 12 at 14, 18, 77) are precisely the type of conclusory allegations Rule 9(b) prohibits. Although a defendant's "malice, intent, or knowledge 'may be averred generally,'" Plaintiff must still "set forth specific facts that support an inference of fraud." *Colonial Oaks Assisted Living Lafayette, LLC v. Hannie Dev., Inc.*, 972 F.3d 684, 694 (5th Cir. 2020). Plaintiff fails to do so here.

As a result, the Court would have to make guesses to fill in the blanks, but "Rule 9(b) does not allow the plaintiffs to force the defendants—or the court—to make such assumptions." *Id.* at 694–95. Thus, even accepting Plaintiff's allegations as true, his fraudulent misrepresentation claim fails to meet Rule 9(b)'s heightened pleading standard and should be dismissed. And because Plaintiff has failed to sufficiently plead fraudulent misrepresentation—

16

and fraudulent inducement "shares the same elements"—it necessarily follows that Plaintiff's fraudulent inducement claim should also be dismissed. *Zorrilla*, 469 S.W.3d at 153.

Accordingly, the Court **RECOMMENDS** Brda and McCabe's Motion to Dismiss as to Plaintiff's claim for fraudulent misrepresentation and inducement be **GRANTED** (Doc. 58), and this claim be **DISMISSED WITH PREJUDICE**.

### F. Negligent or Intentional Infliction of Emotional Distress

Plaintiff brings a cause of action for negligent or intentional infliction of emotional distress against all Defendants. (Doc. 12 at 78). Under this claim, Plaintiff asserts Defendants Brda, McCabe, and NBH violated Section 10(b) and Rule 10b-5 "by intentionally orchestrating harassment, cyberbullying, and targeted intimidation campaigns through paid proxies, foreseeably causing significant emotional distress, humiliation, anxiety, and substantial disruption of Plaintiff's personal and social relationships." *Id*. At the outset, Plaintiff "cannot recover for negligent infliction of emotional distress because Texas does not recognize a cause of action under this theory." *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 224 (5th Cir. 2013) (citing *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993)).

The tort of intentional infliction of emotional distress ("IIED") requires proof of the following elements: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the conduct caused the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was severe. *Twyman*, 855 S.W.2d at 621–22. "Extreme and outrageous conduct is conduct 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004) (quoting *Twyman*, 855 S.W.2d at 621). The Texas Supreme

17

Court has repeatedly recognized that an IIED claim is "a 'gap-filler' tort, judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has *no other* recognized theory of redress." *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex. 1998) (emphasis added). Thus, "[w]here the gravamen of a plaintiff's complaint is really another tort, [IIED] should not be available." *Hoffmann-La Roche*, 114 S.W.3d at 447.

Here, IIED is not Plaintiff's only recognized theory of redressability, thus Plaintiff is not permitted to recover under this claim. Even if IIED was a claim available to Plaintiff, he does not plausibly allege the elements as to Brda and McCabe. In his Complaint, Plaintiff wholly fails to provide any facts to tie Brda and McCabe to the alleged "negligent and intentional actions" he experiences. And the misrepresentations and omissions that Plaintiff contends "created prolonged uncertainty about the status and value of Plaintiff's shares, compounding the emotional harm" fall short of the extreme and outrageous standard which is required to plead a claim for IIED. *Hoffmann-La Roche Inc.*, 144 S.W.3d at 445.

Accordingly, the Court **RECOMMENDS** Brda and McCabe's Motion to Dismiss as to Plaintiff's claim for negligent or intentional infliction of emotional distress be **GRANTED** (Doc. 58), and this claim be **DISMISSED WITH PREJUDICE**.

### G. Conspiracy to Commit Fraud

Under his conspiracy to commit fraud claim, Plaintiff alleges Defendants engaged in manipulative practices and "conspired to commit fraud by facilitating the creation and proliferation of synthetic shares." (Doc. 12 at 79). When a plaintiff's claims are grounded in fraud, the plaintiff must satisfy the heightened pleading requirements of Rule 9(b). Rule 9(b)'s particularity requirement generally demands the complaint identify the "who, what, when,

18

where, and how" of the allegedly fraudulent content. *See U.S. ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005). "What constitutes particularity will necessarily differ with the facts of each case." *Afshani v. Spirit SPE Portfolio 2006-1, LLC*, No. 21-10137, 2022 WL 964201, at *3 (5th Cir. Mar. 30, 2022) (quotation omitted). Nonetheless, Rule 9(b) sets a "high bar." *Colonial Oaks*, 972 F.3d at 694. Finally, Rule 9(b)'s heightened pleading standard applies to conspiracy to commit fraud claims. *Cavazos v. Allstate Vehicle & Prop. Ins.*, No. 17-CV-368, 2017 WL 11317905, at *2 (S.D. Tex. Oct. 27, 2017).

In this case, Plaintiff has failed to articulate with particularity the fraudulent conduct committed by Brda and McCabe that resulted in harm to him. Plaintiff's Complaint includes allegations that Defendants "failed to produce a publicly available reconciliation report confirming the total number of MMTLP shared converted to NBH shares," and "misled investors through false statements and omissions." (Doc. 12 at 69, 79). Although these allegations describe a sequence of events in some detail, they still fail to satisfy Rule 9(b). Plaintiff does not allege facts showing any specific representation was false when made. The allegation that Defendants "misled investors through false statements and omissions" reflects Plaintiff's characterization of events and speculation about Defendant's motives, not particularized factual allegations of fraud. *See Herrmann Holdings Ltd.*, 302 F.3d at 565 (explaining the plaintiff must explain why the statement was fraudulent when made). Plaintiff's repeated assertions that Defendants "conspired to commit fraud," "misled . . . through false statements," or "engaged in manipulative practices" are conclusory allegations of Defendants' supposed conduct. (Doc. 12 at 79). Although "[Defendant's] malice, intent, or knowledge 'may be averred generally,'" Plaintiff must still "set forth specific facts that support an inference of fraud." *Colonial Oaks*, 972 F.3d at 689. Here, Plaintiff failed to articulate any specific fraudulent act Brda and McCabe engaged in. Instead,

19

Plaintiff attempts to group Brda and McCabe with Defendants as a whole. *See Callier v. Nat'l United Grp., LLC*, No. 21-CV-71, 2021 WL 5393829, at *3 (W.D. Tex. Nov. 17, 2021) ("[G]eneral assertions directed at no one in particular are not sufficient to raise an inference of plausibility against a particular defendant."); (Doc. 12 at 69, 79). Moreover, Plaintiff fails to articulate any statements made by Brda and McCabe, and he does not explain when, where, or why they were made. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997). Because Plaintiff does not provide this information, the Court would have to make guesses to fill in the blanks, but "Rule 9(b) does not allow the plaintiffs to force the defendants—or the court—to make such assumptions." *Id.* at 694–95. Thus, even accepting Plaintiff's allegations as true, his claim for conspiracy to commit fraud fails to meet Rule 9(b)'s heightened pleading standard and should be dismissed.

Accordingly, the Court **RECOMMENDS** Brda and McCabe's Motion to Dismiss as to Plaintiff's claim for conspiracy to commit fraud be **GRANTED** (Doc. 58), and this claim be **DISMISSED WITH PREJUDICE**.

### H. Plaintiff's Request for Leave to Amend

In his Response, Plaintiff requests the Court grant him leave to amend his Second Amended Complaint. (Doc. 67 at 7). Federal Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Rule 15(a) "favors granting leave to amend unless a substantial reason exists, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.'" *Smith v. McDonough*, No. 22-CV-01383, 2023 WL 5918322, at *9 (W.D. Tex. Sept. 8, 2023) (quoting *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993)); *Edionwe v. Bailey*, 860 F.3d 287,

20

294 (5th Cir. 2017) ("While it is true that the court should freely give a party leave to amend its pleadings when justice so requires, such leave is not required where, as here, the movant contends that his pleadings sufficed to state a . . . claim throughout his briefing in opposition to the Rule 12[(b)(6)] motion and fails to apprise the district court of the facts that he would plead in an amended complaint, if necessary, to cure any deficiencies.") (internal citations, quotations and alterations omitted). Based on this rationale, courts typically provide plaintiffs with the opportunity to amend a complaint before dismissal; however, dismissal "is appropriate when the plaintiff was previously provided ample opportunity to cure the deficiencies." *Id*. (citing *Foman v. Davis*, 371 U.S. 182, 182 (1962); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).

In this case, Plaintiff has amended his Complaint once as of right and once more with leave of Court. (Docs. 3, 12). Further, Plaintiff makes only a cursory mention of his request to amend, does not state the substance of his proposed amendment, nor does he attach an amended complaint for the Court. (Doc. 67). Plaintiff also asserts the Second Amended Complaint refined his case to present "clear and well-supported claims" and that he made "substantial revisions to clarify claims, streamline allegations, and strengthen legal arguments to comply with federal pleading standards." (Doc. 8 at 1–2). Accordingly, the Court finds Plaintiff has been given ample opportunity to cure deficiencies in his pleadings and that further amendment would be futile. *See Smith*, 2023 WL 5918322, at *9. Thus, the Court **RECOMMENDS** Plaintiff's request to amend his Complaint be **DENIED**. (Doc. 67 at 7).

## IV.    RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** Brda and McCabe's Rule 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint be **GRANTED**. (Doc. 58). Further,

the Court **RECOMMENDS** Plaintiff's claims as to Brda and McCabe for a violation of the Securities Exchange Act; breach of fiduciary duty; violation of the Sarbanes-Oxley Act; violation of regulation FD; fraudulent inducement and misrepresentation; negligent or intentional infliction of emotional distress; and conspiracy to commit fraud be **DISMISSED WITH PREJUDICE**. Finally, the Court RECOMMENDS Plaintiff's request to amend his Complaint be **DENIED**. (Doc. 67 at 7).

SIGNED this 30th day of January, 2026.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).