**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **MATTHEW J. PEASE,**<br>　　　　*Plaintiff,* | § § § § § § § § § § § § | |
| **v.** | | **MO:24-CV-00322-DC** |
| **SECURITIES & EXCHANGE<br>COMMISSION, et al.,**<br>　　　　*Defendants.* | | |

## <u>ORDER</u>

Before the Court are United States Magistrate Judge Ronald C. Griffin's reports and recommendations (Docs. 104, 105, 106, 107), concerning Defendants' motions to dismiss (Docs. 58, 29, 59, 35, respectively). Collectively, the R&Rs recommend dismissal of all claims in Plaintiff's operative complaint and denial of further leave to amend. The R&Rs issued pursuant to 28 U.S.C. § 636(b)(1) and Appendix C, Rule 1(d) of the Local Rules of the United States District Court for the Western District of Texas. Plaintiff timely objected. The Court therefore reviews *de novo* those portions to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff objects to four aspects of the R&Rs: (1) standing; (2) whether FINRA is a state actor for purposes of Plaintiff's constitutional claims; (3) sovereign immunity and the asserted *ultra vires*/Administrative Procedure Act theories as to the SEC; and (4) denial of further leave to amend.

As to standing, Plaintiff argues the R&Rs improperly treated his economic injury as speculative. In discussing Plaintiff's securities-holder-type theory of loss, the R&Rs cite *Blue Chip Stamps v. Manor Drug Stores*, which explains that a plaintiff who "neither purchases nor

sells securities" but seeks damages for "intangible economic injury such as loss of a noncontractual opportunity to buy or sell" is more likely to pursue a "largely conjectural and speculative recovery. 421 U.S. 723, 735 (1975) (quoted in Doc. 104 at 7). That doctrine clearly applies to this case and has been reaffirmed at the Fifth Circuit in recent years. *Talarico v. Johnson*, No. 23-20176, 2024 WL 939738, at *3 (5th Cir. Mar. 5, 2024). Pease's standing, however, also independently fail on causation and redressability, as the R&Rs explain.

As to redressability, Plaintiff seeks money damages that are unavailable against the SEC absent a waiver, and the requested prospective relief would not remedy the alleged injury as it could not restore Plaintiff to a liquid market or undo the asserted losses. Also, the R&R did not claim that redressability needed "to ensure a particular financial outcome." Doc. 109 at 5. And as to causation, Plaintiff's theory depends on the discretionary decisions of nonparties and intervening market forces, which breaks the chain of causation for Article III purposes on the claims at issue. Doc. 107 at 8. Plaintiff's objection does not identify error in those conclusions. The Court therefore **OVERRULES** Plaintiff's standing objection.

Plaintiff next challenges the conclusion that FINRA is not a state actor for purposes of his constitutional claims. He contends the R&Rs fail to account for "post-*Jarkesy*" developments and err by treating FINRA as "purely private." Doc. 109 at 5.

That objection is unpersuasive. Courts have repeatedly held that FINRA (and its predecessor NASD) is a private actor and that SEC regulation and oversight—standing alone—do not transform FINRA's conduct into governmental action for constitutional purposes. *See, e.g., Desiderio v. NASD*, 191 F.3d 198, 206 (2d Cir. 1999) (constitutional claims

fail because "the requisite state action is absent"); *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 138-39 (2d Cir. 2002) (NASD not a state actor; SEC approval of rules not sufficient to attribute conduct to the government); *D.L. Cromwell Invs., Inc. v. NASD Regulation, Inc.*, 279 F.3d 155, 161–63 (2d Cir. 2002) (same); *Santos-Buch v. FINRA*, 32 F. Supp. 3d 475, 484-85 (S.D.N.Y. 2014), *aff'd*, 591 F. App'x 32 (2d Cir. 2015) (collecting authority); *Epstein v. SEC*, 416 F. App'x 142, 148 (3d Cir. 2010) (NASD is "a private actor, not a state actor"). Plaintiff does not allege facts plausibly showing that the SEC compelled FINRA's U3 halt decision or otherwise became so entwined with the specific challenged action that FINRA's conduct may be fairly attributed to the government. Nor does *SEC v. Jarkesy* alter the governing state-action framework. The Court therefore **OVERRULES** this objection.

Plaintiff also objects to the R&Rs' sovereign-immunity analysis as to the SEC, arguing that the "*ultra vires*" doctrine and the APA's waiver for non-monetary relief apply. But on these allegations, they do not.

Under the *ultra vires* doctrine, the exception applies only where an officer's "powers are limited by statute" and the officer acts beyond those limits—"without any authority whatever" or without any "colorable basis for the exercise of authority." *Apter v. HHS*. 80 F.4th 579, 587–88 (5th Cir. 2023) (collecting authorities). It is not enough to allege that the agency acted wrongly or should have acted differently; rather, "a strong merits argument is needed to overcome sovereign immunity—even at the pleading stage." *Id.* at 588. Here, Plaintiff's theory is not that the SEC acted outside its delegated authority. It is that the SEC failed to exercise supervisory or investigative discretion in the manner Plaintiff prefers. That kind of challenge falls outside the narrow *ultra vires* exception.

Nor does 5 U.S.C. § 702 supply a waiver that saves Plaintiff's claims. Section 702 preserves "other limitations on judicial review" and does not "confer[] authority to grant relief if any other statute … expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702. Even where § 702's waiver applies, the APA does not authorize courts to compel discretionary supervisory or investigative action; such choices are presumptively committed to agency discretion. *Heckler v. Chaney*, 470 U.S. 821, 831–35 (1985). And to the extent Plaintiff characterizes the SEC's alleged inaction as "agency action unlawfully withheld," a court may compel only a discrete agency action that the agency is legally required to take—not broad, programmatic oversight of a regulatory system. *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64–66 (2004) (emphasis in original). Because Plaintiff seeks to compel discretionary supervisory and investigative action rather than a discrete, legally mandated act, § 702 does not provide a basis to overcome sovereign immunity or to obtain the relief sought.

In any event, the R&Rs identify additional, independent grounds supporting dismissal, including lack of personal jurisdiction and absolute regulatory immunity as to FINRA. Doc. 105 at 8–9. The R&Rs also recommend dismissal of the claims against the SEC for failure to state a claim. Doc. 107 at 14. Plaintiff's objections do not meaningfully engage those alternative holdings.

Finally, Plaintiff objects to the denial of further leave to amend. Having reviewed the R&Rs and the record, the Court agrees that further amendment would be futile and that Plaintiff has not identified specific additional facts that would cure the defects identified. The Court therefore **OVERRULES** the objection and **DENIES** further leave to amend.

Accordingly, Plaintiff's objections are **OVERRULED**. The Court **ADOPTS** the R&Rs (Docs. 104, 105, 106, 107). Defendants' motions to dismiss (Docs. 58, 29, 59, 35) are **GRANTED**, and Plaintiff's operative complaint is **DISMISSED**.

It is so **ORDERED**.

SIGNED this 25th day of February, 2026.

DAVID  COUNTS
UNITED STATES DISTRICT JUDGE